**KRAPP, d.b.a. Human Resources Consulting, Appellant,**

v.

**McCARTHY, d.b.a. New Professional Resources et al., Appellee.**

[Cite as *Krapp v. McCarthy* (1997), 121 Ohio App.3d 64.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950265.

Decided June 25, 1997.

*Jacobs, Kleinman, Seibel & McNally* and *Mark Byrne*, for appellant.

*Dinsmore & Shohl, Lynda E. Roesch* and *Shelly M. Lynn*, for appellee.

---

*Per Curiam.*

Plaintiff-appellant H. Lee Krapp, d.b.a. Human Resources Consulting, appeals from the entries of summary judgment in favor of defendant-appellee Beverly McCarthy, d.b.a. New Professional Resources and Ashford McCarthy Resources, on Krapp's state-law claims for breach of contract and unjust enrichment.[1] Because the rights Krapp asserts under state law are equivalent to the rights specified in Section 106 of the federal Copyright Act, Section 101 *et seq.*, Title 17, U.S. Code, their prosecution in state court is preempted and summary judgment was correctly entered.

The parties together developed educational programs and materials. Raising two interrelated assignments of error, on appeal, Krapp claims that by reprinting, marketing, selling and implementing the Career Mentorship Program and materials, McCarthy is breaching a "previously agreed upon oral contract," or is unjustly enriching herself to his detriment.

The function of summary judgment is to determine from the affidavits and other evidentiary materials if triable factual issues exist. Only after construing the facts most strongly in favor of the party opposing the motion, as required by Civ.R. 56(C), can the trial court enter summary judgment if it appears that reasonable minds can come to but one conclusion adverse to the party opposing the motion. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

If the moving party satisfies the burden required by Civ.R. 56(C), then the nonmoving party has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts," by the means listed in Civ.R. 56(C), showing that a triable issue of fact exists. *Mitseff v.*

---

1. All other claims and counterclaims have been resolved.

*Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274; *Weiper v. W.A. Hill & Assoc.* (1995), 104 Ohio App.3d 250, 256, 661 N.E.2d 796, 800.

The substantive law that governs this decision is found in Congress's express intent to preempt state law in the area of copyright protection by enacting the federal Copyright Act, which provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright * * * are governed exclusively by this title." Section 301, Title 17, U.S.Code; Clause 8, Section 8, Article I, United States Constitution.

■ The Copyright Act confers on the owner of the copyright "certain exclusive rights, and provides the exclusive source of protection for those rights. Simply stated, the rights protected are reproduction, adaptation, public performance, public distribution and public display." *State v. Perry* (Feb. 12, 1997), Hamilton App. No. C–960297, unreported, at 1, 1997 WL 71299; Section 106, Title 17, U.S.Code.

■ Therefore, a state-law claim aimed at such an equivalent right is preempted if the work at issue is within the subject matter of the Copyright Act, and if the conduct asserted in a state-law claim is equivalent to any of the rights specified in Section 106 of the Act. Sections 102 and 106, Title 17, U.S. Code; see *Trandes Corp. v. Guy F. Atkinson Co.* (C.A.4, 1993), 996 F.2d 655, 659 (state cause of action "must regulate conduct qualitatively different" from that governed by federal law to avoid preemption); *Harper & Row Publishers, Inc. v. Nation Ent., Inc.* (C.A.2, 1983) 723 F.2d 195, 200–201, reversed on other grounds (1985), 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588; *State v. Perry*, at 8 and 11.

■ There is no genuine issue of material fact that the program and materials at issue, as "original works of authorship fixed in any tangible medium of expression," are within the subject matter of the Copyright Act. Section 102(a), Title 17, U.S.Code. The evidence is also undisputed that McCarthy is at least a co-owner of the copyrighted work.

■ Construing the remaining facts most strongly in favor of Krapp, we conclude that Krapp's factual allegations, in both claims for relief, that McCarthy reprinted, marketed, sold and implemented the work are equivalent to claims that she reproduced, publicly distributed, sold, and publicly performed the work: rights governed exclusively by the Act. See, *e.g., Valente-Kritzer Video v. Pinckney* (C.A.9, 1992), 881 F.2d 772, 774–776; *Natl. Car Rental Sys., Inc. v. Computer Assoc. Internatl., Inc.* (C.A.8, 1993), 991 F.2d 426, 431. Moreover, as there is no written contract of record, Krapp may not assert a breach-of-contract claim against McCarthy even if his allegations might be qualitatively different from the rights governed by federal law. A contract effecting the transfer of

copyright ownership is not valid unless in writing and signed by the owner of the rights conveyed. Section 204(a), Title 17, U.S.Code; *Valente–Kritzer Video v. Pinckney,* 881 F.2d at 774–776

Therefore, the trial court's entries of summary judgment are affirmed.

*Judgment affirmed.*

DOAN, P.J., GORMAN and MARIANNA BROWN BETTMAN, JJ., concur.