**GOLDSBERRY et al.**

v.

**ATHENS COUNTY BOARD OF ELECTIONS et al.**

Court of Common Pleas of Ohio,
Athens County.

No. 99CI000280.

Decided March 28, 2000.

■■■■■■■■

*Herman A. Carson,* for plaintiffs.

*William R. Biddlestone,* Athens County Prosecuting Attorney, and *Michael A. Prisley,* Assistant Prosecuting Attorney, for Athens County Board of Elections et al.

*Betty D. Montgomery,* Attorney General, and *Arthur Marziale, Jr.,* and *David S. Timms,* Assistant Attorneys General, for Ohio Secretary of State.

MICHAEL WARD, Judge.

In November 1997, the voters of Athens City Ward 3, Precinct 6, defeated a local option for the sale of beer for off-premises consumption. R.C. 4305.14(E), as in effect at the time, provided that if a majority no vote had been cast, "no subsequent election shall be held in the precinct or residence district under this section on the same question for a period of at least two years from the date of the most recent election." Am.Sub.H.B. No. 402 amended R.C. 4305.14 effective March 30, 1999, and relettered R.C. 4305.14(E) as R.C. 4305.14(D). Amended R.C. 4305.14(D) now prohibits the resubmission of a local option for the sale of beer "for a period of at least four years from the date of the most recent election."

■ The case is before the court on cross-motions for summary judgment concerning an interpretation of amended R.C. 4305.14(D). Plaintiffs claim that because preamendment R.C. 4305.14(E) was in effect in November 1997, the local option election for the sale of beer could have occurred as early as November 1999. However, the defendants assert that because amended R.C. 4305.14(D) became effective in March 1999, the local option election for the sale of beer for off-premises consumption cannot be held any sooner than November 2001.

8

Summary judgment is appropriate when the movant demonstrates (1) that there is no genuine issue of material fact, (2) that he, she, or it is entitled to judgment as a matter of law, and (3) that reasonable minds construing the evidence most strongly in the nonmovant's favor could only conclude adversely to the nonmovant. See Civ.R. 56(C); *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809, 619 N.E.2d 10, 11.

In addition to these principles, the Supreme Court of Ohio has stated that "[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. (*Celotex v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, approved and followed.)" *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus; see, also, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.

All statutes are presumed prospective in operation. The presumption prevails unless the legislature has expressly intended a statute to apply retroactively. *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 353, 721 N.E.2d 28, 32–33.

Conspicuously absent from amended R.C. 4305.14 or in Am.Sub.H.B. No. 402 (which amended R.C. 4305.14 and related statutes) is an indication of an express legislative intent to apply R.C. 4305.14 to elections occurring before March 30, 1999, the effective date of the Act. This contrasts with the express indication of retroactivity in a prior amendment of R.C. 4305.14. See discussion *infra*. If there is no express indication of legislative intent to apply the statute retroactively, the "substantive" versus "remedial" issue is never reached, and the statute must be presumed, and applied, prospectively. *Bielat, supra.*

Amended R.C. 4305.14 logically seems meant to apply to elections occurring after March 30, 1999. For example, (1) Division (A) of R.C. 4305.14 sets forth the manner in which a petitioner can seek to have an election on the "sale of beer" issue in his precinct, (2) Division (B) of R.C. 4305.14 governs the board of election's duty in examining the petition and authorizing the election, and (3) Division (C) of R.C. 4305.14 sets forth the procedure whereby persons may protest the election. Divisions (A), (B), and (C) clearly apply to "new" elections under amended R.C. 4305.14, that is, elections under the amended version of R.C. 4305.14 effective March 30, 1999. In other words, divisions (A), (B), and (C) are prospective in application.

There is no cause to read division (D) differently. In essence, Division (D) states that if the voters vote "NO" in the election set up under Divisions (A), (B), and (C) of amended R.C. 4305.14, then a subsequent election may not occur for a period of at least four years from the most recent election. A consistent reading of Division (D) is that "most recent election" must mean "most recent election

held under amended R.C. 4305.14, effective March 30, 1999." This reading is consistent with the presumption that statutory enactments are to be presumed to be prospective, unless expressly made retroactive by the legislature. If the legislature had intended that R.C. 4305.14(D) apply retroactively, it would have stated that a subsequent election may not occur for a period of at least four years from the "most recent election held under this or any prior version of R.C. 4305.14."

■ The court's findings is further buttressed by the following principle of constitutional law: " 'Where reasonably possible, a statute should be given a construction which will avoid rather than a construction which will raise serious questions as to its constitutionality.' " *Brookbank v. Gray* (1996), 74 Ohio St.3d 279, 287, 658 N.E.2d 724, 730, quoting *Co–Operative Legislative Commt. of Transp. Bhd. v. Pub. Util. Comm.* (1964), 177 Ohio St. 101, 29 O.O.2d 266, 202 N.E.2d 699, paragraph two of the syllabus. Amended R.C. 4305.14 is not expressly retroactive; therefore, it is presumed prospective in application. A reasonable "prospective" reading of amended R.C. 4305.14 is that all of its provisions apply only to elections (and subsequent waiting periods) occurring on and after March 30, 1999. To interpret "most recent election" to include elections held under prior, repealed versions of R.C. 4305.14 would be inconsistent with the statutory presumption of prospectiveness, would be inconsistent with the actual language of amended R.C. 4305.14 (which overall has a prospective tenor), and would unnecessarily create a constitutional issue involving retroactivity, contrary to *Brookbank.*

There have been earlier amendments to R.C. 4305.14. The absence from the most recent amendment of language similar to that which appeared in Section 4 of the uncodified law of Am.Sub.H.B. No. 390, eff. July 19, 1997, supports the court's finding that the March 1999 amendment to R.C. 4305.14 is to apply prospectively and not retroactively. Section 4 of the July 1997 Act stated:

"The amendments made to sections 4301.37 and 4305.14 of the Revised Code by this act reducing from four years to two years the minimum period of time after the holding of a local option election before another local option election may be held in the precinct, residence district, or portion of a residence district on the same question apply to questions that were submitted at elections held on the day of the May 1994 primary election and at subsequent elections."

A similar express indication of retroactivity does not appear in Am.Sub.H.B. No. 402.

■ Assuming, *arguendo,* that the court found the statute to be retroactive, then the court would have to determine the question of whether the statute is

substantive, rendering it unconstitutionally retroactive, as opposed to merely remedial. *Bielat, supra,* 87 Ohio St.3d 350, 721 N.E.2d 28. Paragraph two of the syllabus of *Bielat* addresses the issue of substantive retroactivity:

"A claim for substantive retroactivity cannot be based solely upon evidence that a statute retrospectively created a new right, but must also include a showing of some impairment, burden, deprivation, or new obligation accompanying that new right. (*Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 107, 522 N.E.2d 489, 496, modified.)"

The plaintiffs circulated the petitions to get the local option voted on at the November 1997 general election. When the option was defeated, the plaintiffs were required by then-existing R.C. 4305.14(E) to wait a minimum of two years before resubmitting the local option to the voters. In other words, upon the defeat of the local option, the plaintiffs were vested with the right to put the issue on the ballot in two years.

However, in March 1999, the new statute increased the waiting period from two to four years. In doing so, the statute deprived the plaintiffs of an election right.

For the reasons stated above, the court finds that the plaintiffs are entitled to judgment as a matter of law and that the defendants are not. Therefore, the court grants the motion for summary judgment in favor of the plaintiffs and against the defendants and denies the motion for summary judgment by defendants against plaintiffs.

Costs to defendants.

*So ordered.*