MITSEFF, EXECUTOR, APPELLANT, *v.* WHEELER, APPELLEE, ET AL.

[Cite as Mitseff *v.* Wheeler (1988), 38 Ohio St. 3d 112.]

(No. 87-922—Submitted May 24, 1988—Decided August 3, 1988.)

lated a duty for which he could be held civilly liable to a third person for damages to such person arising as a consequence of appellee's having served Jennifer Johnson alcoholic beverages. We agree with the court of appeals that a social host has a duty to refrain from furnishing alcohol to a minor and may be civilly liable for damages to third persons if said duty is violated. The second issue concerns the motion for summary judgment. We find that the moving party must specifically give the basis of a summary judgment motion in order to allow the non-moving party an opportunity to fully respond.

## I

Appellee relies on this court's holding in *Settlemyer, supra,* as support for the position that a social host owes no duty to third persons for damages caused as a result of the gratuitous serving of alcohol to a guest. In *Settlemyer,* a social provider of alcohol served alcohol to a guest.[2] The guest then left the premises and was involved in an automobile accident that took the life of a third person. This court expressed its "* * * reluctance to extend potential liability to the social provider of alcoholic beverages * * *." *Settlemyer, supra,* at 127, 11 OBR at 425, 464 N.E. 2d at 524.

Based on the reasoning of *Settlemyer,* appellee asserts that he owes no duty as a social host to third persons for damages resulting from providing his guest, Johnson, with alcohol. Therefore, appellee maintains that he cannot be liable in any way for damages caused by Johnson. We do not agree.

There exists a clear distinction between *Settlemyer, supra,* and the case

*Scanlon & Gearinger Co., L.P.A.,* and *Mark Hilkert,* for appellant.

*Day, Ketterer, Raley, Wright & Rybolt, Louis A. Boettler* and *Craig G. Pelini,* for appellee.

DOUGLAS, J. The cause before this court presents two issues. The first issue raised is whether appellee vio-

---

[2] While the provider in *Settlemyer* was a Veteran's Post of the American Legion, Inc., it was apparently presumed that such provider was a gratuitous social host.

before this court. *Settlemyer* concerned a social host providing alcohol to one who was apparently an adult guest,[3] an act that is not precluded by statute. However, appellee provided Johnson, a seventeen-year-old minor, with alcohol. This action was clearly in violation of R.C. 4301.69,[4] which then provided in pertinent part:

"No person shall sell intoxicating liquor to a person under the age of twenty-one years or sell beer to a person under the age of nineteen, or buy intoxicating liquor for, or furnish it to, a person under the age of twenty-one years, or buy beer for *or furnish it to a person under the age of nineteen,* unless given by a physician in the regular line of his practice, or by a parent or legal guardian." (Emphasis added.)

Therefore, it is incorrect to maintain that appellee's action, which violated a statute, can be equated with *Settlemyer, supra.* The statute created a duty that appellee, because of Johnson's age, refrain from furnishing Johnson with alcohol. Accordingly, *Settlemyer,* being distinguishable, does not apply.

## II

An equally important issue in this case concerns the motion for summary judgment. Civ. R. 7(B)(1) provides in part that: "[a]n application to the court for an order shall be by motion which * * * shall be made in writing. A motion * * * shall *state with particularity* the grounds therefor, and shall set forth the relief or order sought." (Emphasis added.) Fed. R. Civ. P. 7(b)(1) is substantially the same as our Ohio rule. In *Steingut* v. *National City Bank of New York* (E.D. N.Y. 1941), 36 F. Supp. 486, 487, the court stated that the prerequisite of particularity "* * * was not intended to be a matter of form but was real and substantial." See, also, *Upper W. Fork River Watershed* v. *Corps. of Engrs.* (D. W. Va. 1976), 414 F. Supp. 908. Given the explicit language of Civ. R. 7(B)(1), it is clear that appellee's motion for summary judgment must state with particularity the reasons why the moving party considers summary judgment appropriate.

In support of appellee's argument that he, as the moving party, is not obligated to negate every claim of the non-moving party, appellee relies heavily on *Celotex* v. *Catrett* (1986), 477 U.S. 317. This reliance is misplaced. While *Celotex* says that a moving party does not have to support its motion with affidavits[5] negating the opponent's claims, *Celotex* also plainly states that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex, supra,* at 323.

---

[3] No issue was raised as to the age of the recipient.

[4] R.C. 4301.69 was amended, effective July 31, 1987, to make the legal age for the purchase or consumption of all alcoholic beverages twenty-one years of age.

[5] A reading of Civ. R. 56(B) reaches the same conclusion. The rule states:

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court."

Accordingly, even *Celotex* makes clear that a party moving for summary judgment has certain obligations that must be met. These obligations are set forth in *Massaro* v. *Vernitron Corp.* (D. Mass. 1983), 559 F. Supp. 1068. *Massaro* held that the party seeking summary judgment "* * * bears the burden of affirmatively demonstrating that, with respect to every essential issue of each count in the complaint, there is no genuine issue of fact." *Massaro, supra,* at 1073 (citing *Mack* v. *Cape Elizabeth School Board* [C.A. 1, 1977], 533 F. 2d 720, 722). The moving party bears this burden "* * * even with regard to issues on which plaintiffs * * * would have the burden of proof should the case go to trial." *Massaro, supra,* at 1073, citing *Ramsey* v. *Cooper* (C.A. 1, 1977), 553 F. 2d 237, 240-241, fn. 8; *Adickes* v. *S. H. Kress & Co.* (1970), 398 U.S. 144, 159-161. See, also, *Bird* v. *Zimmerman Fur Institute, Inc.* (S.D. Ohio 1968), 294 F. Supp. 202.

The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio law. "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47, citing *Hamlin* v. *McAlpin Co.* (1964), 175 Ohio St. 517, 519-520, 26 O.O. 2d 206, 207, 196 N.E. 2d 781, 783-784. Reading the requirement of *Harless, supra,* in conjunction with Civ. R. 56 and 7(B)(1), it can readily be seen that the moving party must state specifically which areas of the opponent's claim raise no genuine issue of material fact and such assertion may be supported by affidavits or otherwise as allowed by Civ. R. 56(C).

It should be noted that placing the above-mentioned requirements on the moving party does not mean the non-moving party bears no burden. Requiring that the moving party provide specific reasons and evidence gives rise to a reciprocal burden of specificity for the non-moving party. Civ. R. 56(E) provides in part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Rather than eliminate the non-moving party's burden, the requirement that the moving party, here appellee, be specific in his reasons for requesting summary judgment provides the non-moving party with the information needed to formulate an appropriate response as required by Civ. R. 56(E).

### III

Turning to the facts at bar, appellee's motion for summary judgment raised two issues. The first, concerning the application of *Settlemyer,* has been discussed *supra.* Appellee also raised the issue of proximate cause, arguing that no evidence existed to support the claim that Johnson was intoxicated when she left appellee's residence. In support of this argument, appellee attached an affidavit stating that Johnson did not appear intoxicated when she departed appellee's premises.

Appellant responded to the motion for summary judgment with an affidavit directed to the question of Johnson's intoxication. However, after the trial court granted summary judgment and an appeal was taken, appellee argued for the first time that no

evidence existed that Johnson had been negligent. This argument was accepted by the court of appeals in affirming the judgment of the trial court.

In light of the discussion above, the specific issue raised at the trial level by appellee concerning proximate cause involved only Johnson's state of intoxication. No other issues were raised and supported by appellee. Appellee cannot on appeal expand the basis for seeking summary judgment. A party seeking summary judgment must specifically delineate the basis for which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond.

In conclusion, by filing an affidavit in opposition to appellee's motion for summary judgment, appellant effectively raised a triable issue of fact not susceptible to summary judgment. Since it appears that the trial court granted summary judgment based on the applicability of *Settlemyer*, and, as we have seen, *Settlemyer* does not apply, we affirm the judgment of the court of appeals in part, reverse it in part and remand the cause to the trial court for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES and H. BROWN, JJ., concur.

WRIGHT, J., concurs in the syllabus and judgment only.