OPINION
Appellant, Mary Ellen Hughes, dba Howland's Music World, appeals from a summary judgment by the Trumbull County Court of Common Pleas, granted in favor of appellee, Frank F. Fordeley, dba Fordeley Music.
On December 22, 1997, appellant filed a complaint against appellee, a former employee and current business competitor. Her complaint included the following allegations:
 "3. On or about June 1991, Plaintiff was told by a supplier that during a sales call to the Defendant, the Defendant told the supplier that Plaintiff owed Defendant $16,000.00.
 "4. Approximately in the fall of 1995, Plaintiff was told by a prospective subcontracting teacher that while employed by Defendant's business, Defendant had told her that Plaintiff was in bankruptcy with the inference that Plaintiff's business would soon be closed.
 "5. Shortly thereafter, Plaintiff sent a letter to Defendant informing him that although Plaintiff had initiated bankruptcy proceedings, the business was operating and would continue to operate.
 "6. On or about November 29, 1997, Plaintiff learned from a customer that Defendant had told the customer that Plaintiff was in bankruptcy and going out of business.
 "7. On December 4, 1997, Plaintiff was informed by a former employee of Defendant that Defendant made a custom and practice of advising customers against doing business with Plaintiff due to the fact that Plaintiff was going out of business and the customer's warranties would not be honored should they purchase from Plaintiff, which was not true.
 "8. On this same occasion, Plaintiff was also informed that Defendant had told customers and employees that Plaintiff owed Defendant $14,000.00 in back wages, which was not true."
 Appellant's complaint set forth four "causes of action": (1) that defendant's statements constituted slander per se; (2) that defendant had acted with spite, ill will and actual malice; (3) that defendant's acts had caused plaintiff to suffer extreme mental anguish; and (4) that defendant's actions had caused plaintiff to suffer extreme embarrassment and loss of reputation.
On April 9, 1999, appellee filed a motion for summary judgment, attaching his own affidavit, as well as the affidavits of Rich Pritikin, a sales manager for Suzuki music products, and Neil Stewart, a district manager for Selmer Company music products. Appellee argued that summary judgment was appropriate for the following reasons:
 (1) the allegations set forth in the third and fourth paragraphs of appellant's complaint are barred by the one-year statute of limitations for slander set forth in R.C. 2305.11(A);
 (2) appellee is immune from a slander suit under the theory of absolute privilege because any alleged defamatory remarks were constitutionally protected opinions;
 (3) appellee had a qualified privilege to make the alleged defamatory statements because appellee made statements regarding appellant's business in good faith, upon a proper occasion, and with a common interest to be upheld;
 (4) the statement that appellant owed appellee over $13,000 is slander per quod, and appellant cannot present sufficient evidence to support her claim; and
 (5) appellee is entitled to summary judgment on appellant's claim of intentional infliction of emotional distress because appellee's conduct cannot be characterized as extreme or outrageous.
 In response to appellee's motion for summary judgment, appellant argued that appellee failed to substantiate any of his affirmative defenses. On August 10, 1999, the trial court granted summary judgment in favor of appellee. From this judgment, appellant assigns the following errors:
 "[1.] The trial court erred to the prejudice of the Plaintiff, by not construing the pleading in Defendant's Motion for Summary Judgment in a light most favorable to the non-moving Plaintiff-Appellant, pursuant to Civil Rule 56.
 "[2.] The Trial Court errored [sic] to the prejudice of the Plaintiff-Appellant, by denying her right to a trial by jury pursuant to the 7th Amendment of the United States Constitution.
 "[3.] The Trial Court errored [sic] to the prejudice of the Plaintiff-Appellant by assuming without supporting evidence that defamatory remarks made by the Defendant-Appellee were not understood to be defamatory by the persons to which they were spoken. (Prosser and Keaton on Torts)."
 In her assignments of error, appellant essentially alleges that the trial court erred by granting summary judgment in favor of appellee; therefore, we will address them as a single assignment of error. Appellant contends that appellee did not satisfy his burden of proving that his statements did not constitute slander per se. She further contends that the trial court erred by failing to recognize that the remarks made by appellee were slander per se.
Appellant erroneously contends that appellee must prove that his statements do not constitute slander per se in order to prevail on his motion for summary judgment. Appellant misunderstands the burden of a party who files a motion for summary judgment. Appellee was not required to prove that his statements do not constitute slander per se; appellee had the burden of demonstrating that there was no genuine issue as to any material fact and that he was entitled to judgment as a matter of law. Civ.R. 56(C).
In McCartney v. Oblates of St. Francis deSales (1992),80 Ohio App.3d 345, 609 N.E.2d 216, the Sixth Appellate District explained the tort of slander as follows:
 "Slander consists of oral defamatory statements. [citation omitted]. There are two actionable types of slander: slander per se
and slander per quod. Slander per quod is defined as slander determined by the interpretation of the listener, through innuendo, as between an innocent or harmless meaning and a defamatory one. Rainey, supra.
See, also, (distinguishing libel per se from libel per quod). Slander per se means that the slander is accomplished by the very words spoken. Rainey and Becker. In order for an oral defamatory remark to be considered slander per se it must consist of words which import an indictable criminal offense involving moral turpitude or infamous punishment, imputes some loathsome or contagious disease which excludes one from society or tends to injure one in his trade or occupation. See [citation omitted]. The determination of whether a statement is slander per se or slander per quod is a question of law for the trial court.
 In this case, the trial court concluded that in the statements made by appellee, that: (1) appellant owed appellee over $13,000; (2) appellant was going out of business; and (3) appellant could not honor factory warranties, could not constitute slander per se but could only be considered slander per quod. The trial court determined that appellee was entitled to summary judgment in his favor because appellant failed to raise a genuine issue of material fact as to whether the individuals who heard appellee's statements understood them to be defamatory, a requisite element for slander per quod. The trial court did not address whether appellee was entitled to summary judgment for any of the other reasons argued in his motion.
As stated by the Supreme Court of Ohio, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, at syllabus. In appellee's motion for summary judgment, he only argued that the statement that appellant owed him over $13,000 could not constitute slander per se; he did not mention or argue that the statements that appellant was going out of business and could not honor factory warranties were not slander per se; therefore, the trial court inappropriately considered whether the statements that appellant was going out of business and would not honor factory warranties were slander per se and erred by granting summary judgment to appellee on grounds not raised by him.
We also note that the trial court incorrectly classified the statements concerning appellant's going out of business as slander per quod. As previously stated, slander per se is a statement that tends to injure a person in his trade or occupation. In R.J. Hirsch Co., Inc. v. Victory White Metal Co.
(July 18, 1985), Cuyahoga App. Nos. 48707 and 48737, unreported, the Eighth Appellate District held that a false statement by a competitor that a store is going out of business constitutes slander per se. As the court stated:
 "False news that a supplier is out of business may spread and cause damage to the victim by causing customers or potential customers to place orders elsewhere. Even after such customers are assured that the plaintiff is still in business, they may have lingering doubts about the plaintiff which are attributable to the slander." Id.
 Because appellant alleged that appellee stated that she was going out of business and would not honor factory warranties, statements that tend to injure her in her trade or business, they fit within the category of slander per se.
Although the trial court properly classified the statement that appellant owed over $13,000 to appellee as slanderper quod, the trial court erred by granting summary judgment to appellee on the ground that appellant had no evidence to prove that the individuals who heard the statement understood its defamatory meaning, an essential element of a claim of slander perquod.
In Dresher v. Burt, (1996), 75 Ohio St.3d 280,662 N.E.2d 264, the Ohio Supreme Court held:
 "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293.
 In the instant case, the trial court erred by granting appellee's motion for summary judgment on the basis that appellant had no evidence to prove a claim for slander per quod because appellee did not satisfy his initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of appellant's claims. In his motion for summary judgment, appellee merely states "plaintiff * * * cannot submit sufficient evidence in support of her claim * * *." Because appellee did not satisfy his burden, the trial court should have denied his motion for summary judgment. See Dresher, supra. Appellant's assignments of error have merit.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is reversed, and this case is remanded to the trial court for proceedings consistent with this opinion.
 _______________________________ PRESIDING JUDGE ROBERT A. NADER
O'NEILL, J., MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, concur.