[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
The plaintiff-appellant, Thomas H. Starks, appeals pro se from the trial court's order of February 9, 2000, granting summary judgment to the defendants-appellees, Cheek Zeehandelar L.L.P. and State Farm Mutual Automobile Insurance Company (designated as "State Farm Insurance Companies"), on his claims for breach of contract, mental anguish, and civil conspiracy.
As Starks admits, he caused damage to another vehicle while operating his own automobile. Because he was uninsured, Starks confessed judgment in the sum of $4,664.34 in favor of State Farm on its subrogated claim. In the order confessing judgment, Starks agreed to pay State Farm $10 monthly installments beginning on June 30, 1999, to satisfy the judgment.
In his complaint, Starks alleged that he was prevented from paying the installments because, despite his inquiries, neither State Farm nor Cheek Zeehandelar would inform him where to make payment. Subsequently, when he learned that his driver's license had been suspended for his being in default of payment, Starks claimed that he suffered an acute anxiety attack requiring hospitalization.
The record confirms that on September 28, 1999, the defendants-appellees filed a "motion to dismiss/summary judgment" with accompanying affidavits. On October 22, 1999, Starks filed a responsive memorandum captioned "answer to defendants' motion to dismiss/or for summary judgment." Defendants-appellees' brief states that "[o]n January 14, 2000, a Hearing was held on the Appellees' motion," but the record does not reflect such a hearing. As authorized by Civ.R. 12(B), the trial court — without challenge from Starks — considered the motion pursuant to Civ.R. 56 and granted summary judgment in favor of the defendants-appellees on all claims.
Essentially, Starks contends that genuine issues of material fact precluded the trial court from granting summary judgment. However, he concedes that he made no payments under his confession of judgment. Further, he did not oppose the defendants-appellees' motion by presenting evidentiary material by depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, or written stipulations of fact as provided in Civ.R. 56(C). Under these undisputed facts involving a subrogated claim by an insurance company against an uninsured driver, the registrar of motor vehicles was required to suspend Starks's driver's license because he had failed to furnish or be relieved of security. See R.C. 4509.17 and 4509.21.
Because the defendants-appellees satisfied their burden under Civ.R. 56(C), Starks had a reciprocal burden of responding with specificity and could not rely on the allegations or denials in his complaint or the unsupported statements in his memorandum.Mitsiff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798, 801. Starks's argument that he was entitled to present the sworn testimony of witnesses in opposition to defendants-appellees' motion lacks merit, as evidence in the form of live testimony is not contemplated under Civ.R. 56(C).
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
Enter upon the Journal of the Court on August 16, 2000
per order of the Court.