OPINION
The instant appeal stems from a final judgment of the Trumbull County Court of Common Pleas. Appellants, Karen S. Battin, individually and on behalf of Thomas R. Battin, and Reed T. Battin, seek the reversal of the trial court's decision to grant summary judgment against them in regard to their claims for workers' compensation benefits. For the following reasons, this court concludes that the appealed judgment must be reversed in part.
In 1985, Thomas Battin was involved in an automobile accident while engaging in work-related duties. As a result of this accident, Thomas suffered severe injuries which, inter alia, had the effect of depriving him of the ability to work. Accordingly, Thomas filed a claim for workers' compensation benefits. During the ensuing years, Thomas was awarded benefits for multiple conditions.
Thomas Battin died in October 1996. Approximately one year later, Karen Battin, Thomas' wife, received an autopsy report which indicated that Thomas had been blind in his right eye. Upon investigating this matter further, Karen learned that the injury to his eye may have been caused by the accident in 1985. Thus, since Thomas had never received any benefits for this specific injury, Karen filed a new claim with appellees, the Industrial Commission of Ohio and James Conrad, the Administrator of the Bureau of Workers' Compensation.
This new claim was initially denied in three separate orders issued by the Administrator of the Bureau of Workers' Compensation, a district hearing officer, and a staff hearing officer. As a result, in March 1999, a notice of appeal was filed in the court of common pleas. In the subsequent complaint for compensation, separate claims for benefits were asserted for Thomas Battin, Karen Battin and Reed Battin, appellants. Named as defendants in the action were the Trumbull County Auditor, the Industrial Commission, and James Conrad, appellees.
After appellees had submitted an answer to the complaint, both sides to the action filed competing motions for summary judgment on the entire complaint. In their motion, appellants asserted that they were entitled to benefits because Thomas' eye injury had occurred as a direct result of the 1985 accident. In support of this basic assertion, appellants attached to their motion the affidavit of Dr. Nigel K. Newman. In his affidavit, Newman averred that: (1) in the accident, Thomas had suffered intracranial injuries which had rendered him semicomatose and noncommunacative; (2) the injuries had also deprived Thomas of the ability to close his right eyelid; and (3) this latter inability had ultimately deprived Thomas of his sight because it had caused extensive scaring to the cornea in his right eye.
In their competing motion for summary judgment, appellees merely argued that the instant action could not be maintained because Thomas' claim for benefits abated upon his death in 1996. Appellees noted in their motion that not only had no claim for the eye injury been filed before Thomas' death, but that Karen had not learned of the injury until one year after his death.
In June 2000, the trial court issued its decision granting summary judgment in favor of appellees as to the entire complaint. In regard to the specific claim of Thomas Battin, the court expressly concluded that this request for benefits had abated when Thomas had died. As to the claims of Karen and Reed Battin, the court concluded that they had failed to assert their individual claims within the one-year statute of limitations in R.C. 4123.60.
In appealing from this decision, appellants have raised the following two assignments of error:
 "(1) The trial court erred in granting appellees' motion for summary judgment.
 "(2.) The trial court erred in overruling appellants' motion for summary judgment."
 Under their first assignment, appellants attack the trial court's decision to grant appellees motion for summary judgment. Appellants contend that, in relation to the claims of Karen and Reed Battin, the trial court erred in predicating its decision upon the statute-of-limitations argument because this particular point was never raised by appellees in their motion. In regard to this issue, appellants further assert that appellees waived the right to assert the defense of the statute of limitations by failing to assert it in a timely manner.
In LRL Properties v. Portage Metro. Hous. Auth. (Dec. 17, 1999), Portage App. No. 98-P-0070, unreported, this court held that a trial court is not permitted to base its decision to grant summary judgment upon an argument which was not asserted in the summary judgment motion. Citing to Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, we noted that the use of this procedure was improper because it denied the non-moving party the opportunity to respond to the argument.
As part of the LRL Properties opinion, this court further held that a defendant waives the right to assert the defense of the statute of limitations when he fails to raise it in his motion for summary judgment. However, we also indicated that the trial court's reliance upon this defense in this type of situation can constitute harmless error if there exists separate reasons for granting the summary judgment motion.
In the instant case, although appellees asserted the statute of limitations as a defense in their answer to appellants' complaint, they did not assert this affirmative defense in their motion for summary judgment. Therefore, they waived the right to assert it for the purpose of the aforementioned motion for summary judgment, and the trial court erred in considering the issue of the statute of limitations in its analysis of the merits of the motion. Thus, the issue becomes whether this error was prejudicial.
As was noted above, the sole issue raised in appellees' summary judgment motion concerned the issue of abatement. As part of its judgment in this matter, the trial court specifically held that the claim of Thomas Battin had abated upon his death. Nevertheless, the court also concluded that the abatement argument was not applicable to the claims of Karen and Reed Battin; i.e., the court held that Thomas' death had no effect upon the continuing validity of their claims.
Our review of the relevant case law indicates that the trial court's holding on this particular issue was correct. In State ex rel. Nicholsonv. Copperweld Steel Co. (1996), 77 Ohio St.3d 193, the Supreme Court of Ohio stated that the surviving spouse of a deceased claimant cannot "step into the shoes" of the claimant for the purpose of pursuing his specific claim after his death. However, the court further stated that, under R.C. 4123.60, the dependents of the claimant still have a right to pursue their own individual claims predicated upon the injury to the claimant.
As a result, the trial court was correct in holding that Thomas' death did not bar the claims of Karen and Reed Battin. In this respect, appellees' motion for summary judgment failed to raise a proper argument in regard to those two claims. In turn, this means that the trial court's decision on the statute-of-limitations argument was prejudicial to Karen and Reed because appellees did not assert any other argument upon which judgment could be entered in regard to those two claims.
Pursuant to the foregoing analysis, this court concludes that the trial court erred in granting appellees' motion for summary judgment. Thus, appellants' first assignment of error is well taken.
Under their second assignment of error, appellants submit that their motion for summary judgment should have been granted. Specifically, appellants contend that Karen and Reed Battin are entitled to collect workers' compensation benefits because R.C. 4123.57(B) improperly limits the scope of individuals who can receive benefits following the death of the initial claimant. Stated differently, they maintain that the denial of benefits would violate their constitutional right to equal protection because R.C. 4123.57(B) only allows surviving spouses and dependents to collect when the deceased claimant sustained the loss of a limb.
As to this issue, this court would note that the trial court expressly declined to address this specific issue. Moreover, our review of the various documents submitted to the trial court indicates that appellants did not address the constitutional issue until they submitted their response to appellees' motion for summary judgment; accordingly, this issue was not fully briefed before the trial court.
Given these circumstances, this court concludes that the merits of the constitutional
issue are not properly before us in the context of this appeal. As a general proposition, an appellate court will not address issues which the trial court refused to consider. See Lakota Loc. School Dist. Bd. ofEdn. v. Brickner (1996), 108 Ohio App.3d 637, 643. The proper remedy in this situation is to remand this action to the trial court so that it can consider the constitutional question and the other issues raised in appellants' motion for summary judgment.
Pursuant to the foregoing discussion, the judgment of the trial court is affirmed as to the claim of Thomas R. Battin. As to the claims of Karen S. Battin and Reed T. Battin, the judgment of the trial court is reversed and the case is hereby remanded for further proceedings consistent with this opinion.
KARPINSKI, J., Eighth Appellate District, sitting by assignment, VUKOVICH, J., Seventh Appellate District, sitting by assignment, concur.