DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the April 1, 2004 judgment of the Fulton County Court of Common Pleas, which granted summary judgment to appellee, David C. Ladd, and denied summary judgment for appellants, Mark T. Mignin and Matthew E. Mignin. Upon consideration of the assignments of error, we reverse the decision of the lower court. Appellants assert the following assignments of error on appeal:
1. "The trial court erred when it granted summary judgment for plaintiff."
2. "The trial court erred when it denied summary judgment for defendant."
 {¶ 2} Appellee sued appellants alleging that they breached their obligations under a settlement agreement entered into in another case before the same court, Ladd v. MIG Plastics, Inc., Case No. 03-CV-000062. Appellants and appellee moved for summary judgment. Appellee argued that because appellants admitted that they had neither the ability nor the intention to pay appellee the amounts owed under the settlement agreement, an anticipatory repudiation of the contract had occurred and appellee had an immediate action for damages arising from the total breach of the contract. Appellants contended that they had not received a paycheck from MIG Plastics for some time and that all of the assets of the corporation were sold pursuant to a court order. Therefore, they asserted that they were no longer obligated to pay appellee pursuant to the settlement agreement.
 {¶ 3} On April 1, 2004, the court granted summary judgment to appellee and denied summary judgment to appellants. The trial court found that the settlement agreement provided that the personal guarantees were viable if any one of three conditions occurred and that at least two of the conditions did occur, one of which was admitted by appellants (the assets of the corporation were sold). Appellee was awarded $79,209.31, plus interest, and costs of $2,265.98, attorney fees of $10,060.75, for a total of $91,536.04, plus interest from April 1, 2004.
 {¶ 4} On appeal, appellants assert that the trial court erred by granting appellee summary judgment and denying summary judgment to appellants.
 {¶ 5} Summary judgment is appropriate where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C) andVillage of Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. Because the facts are undisputed, the appellate court reviews the ruling on a summary judgment motion under a de novo standard of review. Id. Once the moving party specifically identifies his basis for summary judgment, the nonmoving party has a reciprocal burden to produce evidence on any element for which he bears the burden of proof at trial. Celetox Corp. v.Catrett (1986), 477 U.S. 317, 322-323, and Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus.
 {¶ 6} The following facts in this case are undisputed. Appellee sued appellants and MIG Plastics, Inc. in 2003 claiming that MIG Plastics, Inc. had defaulted on two promissory notes. He also asserted claims of breach of his employment contract and appellants' fiduciary duties as directors and officers of the company.
 {¶ 7} The parties settled the case by entering into a settlement agreement and release on March 27, 2003. Under that agreement, MIG Plastics, Inc. agreed to make certain payments to appellee. In pertinent part, MIG Plastics, Inc. agreed to pay appellee his annual compensation of $84,000 per annum as well as his fringe benefit of health insurance for two years beginning October 8, 2002. The agreement also provided that in the event that MIG or appellants breached the agreement, appellee was entitled to collect his attorney fees, costs, and expenses, plus compound interest of 18% per annum on the principle amount owed.
 {¶ 8} At issue in this case is the personal guaranty of the salary payments, which was described in paragraph 8 of the agreement and reads as follows.
 {¶ 9} "Mark T. Mignin, Matthew E. Mignin, and Thomas E. Mignin each personally guaranty the obligations contained in this Agreement pursuant to the following; (provided, however that Thomas E. Mignin's guaranty is limited to the obligations due under paragraph 2 only):
 {¶ 10} "a. The guaranty is individual and shall obligate each of them to be responsible jointly and severally for the obligations that they have guaranteed. Furthermore, to the extent that any sums paid to Ladd, including sums prior to this Agreement, are adjudicated (or claimed) to be a preference under the bankruptcy laws, a fraudulent conveyance under any state law, or any claim whereby a third party claims that money must be repaid, this guaranty is intended to cover those funds so that if Ladd is asked to repay any money, each guarantor shall be responsible to pay those sums to Ladd upon demand.
 {¶ 11} "b. The guaranty of the payments specified in paragraph 2 of this Agreement are unconditional.
 {¶ 12} "c. The payments specified in paragraph 4 of this Agreement shall be guaranteed only to the extent that Mark Mignin and/or Matthew Mignin continue to receive a paycheck from MIG, if a controlling (or greater) interest in MIG is sold, or if a substantial amount of MIG's assets are sold to a third party. The guaranty of paragraph 4 shall become null and void if MIG is no longer in business because the majority shareholders elected to cease manufacturing.
 {¶ 13} "d. The guaranty of the payments is a guaranty for payment, no collection. Therefore, Ladd is not obligated to seek to enforce any rights against MIG prior to collecting on the guaranty. Moreover, Mark Mignin, Matthew Mignin, and Thomas Mignin waive any and all guarantor defenses including notice, waiver, election of remedies (including claim that Ladd destroyed or impaired any rights to subrogation), disability of the guarantor, or any claim to discharge due to the impairment of collateral."
 {¶ 14} After the settlement agreement was signed, the corporation became insolvent and all of its assets were sold pursuant to an order of the Lenawee County Circuit Court in Michigan. Appellants both testified at their depositions that the corporation's assets were sold to Palm Plastics, Ltd. on December 1, 2003. The new owners are Jeffrey Owen and Thomas Kunhash. In order to finance the sale, appellants made unlimited personal guarantees of the funds loaned by Comercia Bank to Palm Plastics, Ltd. Their father also gave an additional $200,000 to Comerica Bank, guaranteed the loans up to $500,000, and used property he owned near the manufacturing plant as collateral. They understood that these bridge guarantees would only last until the new owners could obtain financing from another bank. Appellants were hired by Palm Plastics to perform the same work for the same salary they received from MIG Plastics, Inc. However, they are not stockholders, officers, or directors of the company. They also do not expect to receive any stock from Palm Plastics, Ltd.
 {¶ 15} The issue on appeal is the interpretation of Paragraph 8(c) of the Settlement Agreement. Guaranty agreements are interpreted under the same principles applied to contracts generally. Stone v. Natl. City Bank (1995),106 Ohio App.3d 212,217. The purpose of interpreting the contract is to carry out the intentions of the parties as revealed in the contract language. Blosser v. Enderlin (1925), 113 Ohio St. 121, paragraph one of the syllabus. If a contract can be given a definite legal meaning, the contract is unambiguous as a matter of law. Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, at ¶ 11. "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument."Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph two of the syllabus. If the contract in this case does not have a definite legal meaning as a matter of law, summary judgment would be inappropriate.
 {¶ 16} Appellants contend that the personal guarantee never arose because not all three of the precedent conditions in Paragraph 8(c) occurred. They argue that the phrase in Paragraph 8(c), "shall be guaranteed only to the extent that," does not have the effect of enabling the guarantee, but rather limiting the guarantee. Appellants cite to several cases in support of their argument. However, we find that none of these cases are directly on point.
 {¶ 17} Appellants also contend that it is undisputed that these three conditions precedent did not arise in this case. First, appellants are no longer paid by MIG Plastics, Inc. Second, the company was sold pursuant to a court order and no longer exists, except as a shell corporation. Finally, appellants argue that the agreement must be interpreted against the drafter, appellee. They argue that their interpretation is further confirmed by the last sentence of the paragraph that if the company ceases manufacturing, the guarantee is null and void. Alternatively, they argue that if appellee's interpretation of the contract is accepted, there is a dispute as to the intent of the parties in using the language they did and, therefore, summary judgment was also inappropriate.
 {¶ 18} Appellee contends that the "only to the extent" language does not override the fact that the list of conditions includes an "or" and not an "and."
 {¶ 19} We agree with the trial court that Paragraph 8(c) is unambiguous. The paragraph clearly lists several conditions under which the personal guarantee could arise and the last sentence of the paragraph supports this interpretation. All of the conditions indicate that appellants would be personally liable to pay appellee's salary so long as they were receiving money from the corporation either from their salaries while it was in operation, from its sale, or from a substantial sale of its assets to a third party. However, if the corporation no longer generated income, because it ceased manufacturing, appellants would be relieved from their personal guarantee.
 {¶ 20} We reject appellants' argument that the phrase "only to the extent," somehow alters the fact that the conditions are listed in a disjunctive sequence with the use of an "or" before the final condition rather than "and." We agree that the "only to the extent" language prevents appellants' personal guarantee from arising unless certain conditions exist. However, that phrase does not determine how many of the conditions must be met before the personal guarantee arises. The use of "or" before the final condition clearly means that not all the conditions have to be met in order for the conditional guarantee to arise.
 {¶ 21} On appeal, appellants alternatively argue that they were entitled to summary judgment because MIG Plastics, Inc. ceased manufacturing. The last sentence in Paragraph 8(c) provides that the personal guarantee was null and void if MIG Plastics, Inc. went out of business because the majority shareholders decided to cease manufacturing. Appellee argued in his motion for summary judgment that MIG Plastics, Inc. never ceased manufacturing because in reality only the name of the corporation and the named owners of the corporation were changed. In all other respects Palm Plastics, Ltd. operates just as MIG Plastics, Inc. did. Appellants never responded to this claim. Instead, they asserted that the sole issue before the court was the interpretation of the first sentence of Paragraph 8(c). As a result, the trial court never addressed this issue. Therefore, appellants have waived their right to assert a right to summary judgment on another basis.
 {¶ 22} But, since appellee asserted that he was entitled to summary judgment and he bears the burden of proof at trial, we must determine whether the facts on the issue were undisputed and whether appellee was entitled to judgment as a matter of law.
 {¶ 23} We find that the last sentence in Paragraph 8(c) is unambiguous. The clear intent of the parties was to release appellants from their personal guarantee if the corporation ceased to generate income. However, we find that there is a factual issue of whether appellants continued to manufacture MIG Plastics, Inc. products under a different corporate name, Palm Plastics, Ltd. The evidence conflicts as to whether appellants have substantial ties with the new corporation. While the name of the corporation and its owners changed, appellants and their father are still significantly involved in the new corporation as employees and as guarantors of the loans to the new corporation. Because there is a question of fact about whether MIG Plastics, Inc. continues to generate income, we find that the trial court erred in granting summary judgment to appellee.
 {¶ 24} Accordingly, appellants' first assignment of error is well-taken and their second assignment of error is not well-taken. Having found that the trial court did commit error prejudicial to appellants and that substantial justice has not been done, the judgment of the Fulton County Court of Common Pleas is reversed and remanded to the trial court for further proceedings. Pursuant to App.R. 24, appellants and appellee are hereby ordered to equally share the court costs incurred on appeal.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Singer, J., Lanzinger, J., CONCUR.