DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant J.J. Orr Associates, Inc., d/b/a That Paper Guy, has appealed from the decision of the Wayne County Court of Common Pleas that granted summary judgment to Defendant-Appellee James J. Weinschenk. This Court affirms.
 I {¶ 2} On February 19, 2003, Plaintiff-Appellant J.J. Orr 
Associates, Inc., d/b/a That Paper Guy, filed suit against Defendant-Appellee James J. Weinschenk.[1] In its lawsuit, Appellant claimed that Appellee, a former employee of Appellant, had engaged in activities that diverted the clients and assets of Appellant to a new business established by Appellee. Appellant further alleged that such conduct on the part of Appellee was done with malice and without the knowledge or consent of Appellant.[2] On March 28, 2003, Appellee answered Appellant's complaint wherein he denied the substantive claims as set forth in Appellant's complaint.
 {¶ 3} Discovery ensued between the parties. Appellee filed a motion for summary judgment on March 1, 2004, to which Appellant responded on March 25, 2004. On May 6, 2004, the trial court granted Appellee's motion for summary judgment.
 {¶ 4} Appellant has timely appealed the trial court's decision, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court erred by granting appellee['s] [motion for] summary judgment because there are genuine issues of material fact as to whether appellee misappropriated trade secrets of appellant."
 {¶ 5} In his sole assignment of error, Appellant has argued that the trial court erred when it granted summary judgment to Appellee on Appellant's claims of misappropriation of trade secrets. Specifically, Appellant has argued that while an employee of Appellant, Appellee misappropriated Appellant's customer list, which Appellant asserts was a trade secret, for the benefit of a new business entity that Appellee was about to launch.[3] We disagree.
 {¶ 6} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,107 S.Ct. 433, 93 L.Ed.2d 383. Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 8} Once the moving party's burden has been satisfied, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 9} In the instant matter, Appellant has argued that Appellee misappropriated "trade secrets" and "confidential information," namely Appellant's customer list, when Appellee terminated his employment with Appellant and started his own competing business entity. In response, Appellee has argued that the customer list he used when he launched his new business entity was not a trade secret because Appellee knew the names of the customers from memory, and the customer addresses and phone numbers were readily available from public directories.
 {¶ 10} Ohio adopted the Uniform Trade Secrets Act in 1994, which defines trade secrets as:
"(D) [I]nformation, including the whole or any portion or phrase of any * * * compilation * * * or any business information * * * or listing of names, addresses, or telephone numbers, that satisfies both of the following: "(1) It derives independence economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
"(2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." R.C. 1333.61(D)(1) (2).
 {¶ 11} Our review of the record reveals that the trial court granted Appellee's motion for summary judgment based upon its finding that Appellant's customer list was not a trade secret. Therefore, this Court must first determine if the trial court properly determined that Appellant's customer list was not a trade secret pursuant to R.C.1333.61(D). Then we must determine if, based upon that determination, summary judgment was properly granted to Appellee.
 {¶ 12} The Supreme Court of Ohio has held that the determination of whether or not particular information qualifies as a trade secret is "a question of fact to be determined by the trier of fact upon the greater weight of the evidence." Fred Siegel Co., L.P.A. v. Arter Hadden
(1999) 85 Ohio St.3d 171, paragraph six of the syllabus. When answering the question of whether or not the customer list was a trade secret, theSiegel Court stated that a customer list is a trade secret "if the owner of the list has taken reasonable precautions to protect the secrecy of the listing to prevent it from being made available to persons other than those selected by the owner to have access to it in furtherance of the owner's purposes." Siegel, 85 Ohio App.3d at 181-182.
 {¶ 13} With these parameters in mind, we turn first to the question of whether or not Appellant's customer list was a trade secret. In Siegel,
the Court found that the customer list at issue was a trade secret because the employer/owner of the list maintained the list on a computer in a password protected file; kept copies of the customer list in a filing cabinet that was sometimes locked; and "probably" told its employees that its customer list was confidential and not to be removed from the office. Siegel, 85 Ohio St.3d at 182. In reaching its conclusion, the Siegel Court relied upon Valco Cincinnati, Inc. v. N DMachining Service, Inc. (1986), 24 Ohio St.3d 41, a case that answered the question of whether or not Valco's manufacturing process was a trade secret. The Valco Court found that the manufacturing process was a trade secret because the employer stored information about the manufacturing process at its plant in a locked area; screened all visitors to the plant so that no outsiders could gain access to the manufacturing process; and only disclosed details about its manufacturing process to vendors and employees on a need to know basis. Id. at 47.
 {¶ 14} In the instant matter, the record reveals that Appellant submitted an affidavit as an attachment to his response to Appellee's motion for summary judgment. In his affidavit, Appellant averred that in 1997 or 1998, he told both Appellee and John Rimer ("Rimer"), an employee of Appellant, to "cover up" the customer list whenever it was left in the corporate delivery truck because the list was the "`key to the whole operation.'" Appellant took no other steps towards maintaining the secrecy of the customer list. Appellant did not store the customer list in a password protected computer file, lock the customer list in a filing cabinet, ask either employee to sign a confidentiality agreement, or affirmatively tell either employee that the customer list was confidential and a trade secret.
 {¶ 15} It is clear from the record before this Court that the customer list was valuable to Appellant and that Appellant was angry when Appellee terminated his employment with Appellant, launched a competing business, and pursued Appellant's customers. Yet it is also clear from the record that Appellant did not take reasonable or appropriate means to protect his customer list. See Siegel; Valco. As a result, we concur with the trial court's determination that Appellant's customer list was not a trade secret pursuant to R.C. 1333.61(D). It follows that because the customer list was not a trade secret, Appellant's claim that Appellee misappropriated Appellant's trade secrets must fail. The trial court did not err when it granted summary judgment to Appellee.
 {¶ 16} Appellant's sole assignment of error lacks merit.
 III {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., Batchelder, J., Concur.
[1] A second defendant was named in the lawsuit but dismissed with prejudice on March 30, 2004.
[2] In its complaint, Appellant did not allege that Appellee violated any statute. It merely asserted that Appellee engaged in the aforementioned conduct.
[3] Only at the summary judgment stage of the instant litigation did Appellee, not Appellant, state that the allegations in Appellant's complaint constituted violations of Ohio's Uniform Trade Secrets Act. Because Appellee did not present any arguments on appeal regarding the deficiencies of Appellant's complaint, namely his failure to allege that Appellee violated a statute, we will address Appellant's arguments regarding Ohio's Uniform Trade Secrets Act as if they were based upon allegations that had been properly pleaded by Appellant in his original complaint.