{¶ 22} I agree that this case must be remanded to the trial court so it can address Appellant's wrongful death claims, but I do so for slightly different reasons than those expressed by the majority. The majority extensively discusses whether Appellant's original complaint sufficiently stated a cause of action for wrongful death, but I believe this discussion is irrelevant. Appellees only moved for summary judgment on Appellant's medical malpractice claims, not his claims for wrongful death, and the trial court granted Appellees' motions for summary judgment. Accordingly, the trial court's judgment entry did not address Appellant's wrongful death claims. Furthermore, even if the trial court's entry did address these claims, it would have erred since Appellees did not move for that relief.
 {¶ 23} In this case, there is some uncertainty regarding whether Appellant's original complaint pled a cause of action for wrongful death, but that issue is irrelevant at this point in the proceedings. Each of Appellees moved for summary judgment for one reason, that Appellant's medical malpractice claims were barred by the statute of limitations. After Appellees filed their motions for summary judgment, Appellant moved to amend his complaint so he could specifically plead a wrongful death action and the trial court granted his motion that same day. Then, after Appellant responded to the pending motions for summary judgment, the trial court granted those motions, including Civ.R. 54(B) language.
 {¶ 24} Given this procedural history, the trial court could not have properly granted summary judgment on Appellant's wrongful death claims to Appellees as they never moved for summary judgment on Appellant's wrongful death claims. In order to receive summary judgment a party must first move for summary judgment, then inform the trial court of the specific basis for the motion, and support the motion with evidentiary materials of the type listed in Civ.R. 56(C). Dresher v. Burt (1996),75 Ohio St.3d 280, 292-293. Because the movant must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond, a trial court cannot grant summary judgment on an issue not addressed in the motion. Mitseff v. Wheeler (1988),38 Ohio St.3d 112.
 {¶ 25} Furthermore, the trial court's judgment entry acknowledges that it did not grant summary judgment on that issue. Prior to granting summary judgment, the trial court granted Appellant's motion to amend his complaint. Then, when it granted the motions for summary judgment on Appellant's medical malpractice claim, it included Civ.R. 54(B) language, which indicates that other claims remained in the case. Accordingly, the procedural history of this case clearly indicates that Appellant's wrongful death claims either are or should be pending before the trial court.
 {¶ 26} The parties' arguments on appeal largely deal with whether the trial court should grant judgment in some form to Appellees on those wrongful death claims, but it is too early in the proceedings to make those arguments. To this point, Appellees have not brought any issue regarding the propriety of Appellant's wrongful death claims to the trial court; they have neither opposed Appellant's motion to amend, moved to dismiss those claims, nor moved for summary judgment on those claims. Accordingly, it is inappropriate for us to comment on the legal status of Appellant's wrongful death claims, other than to acknowledge that they are currently pending before the trial court.
 {¶ 27} Accordingly, I believe the trial court's decision granting summary judgment to Appellees on Appellant's medical malpractice claims should be affirmed and this case must be remanded so the trial court can deal with Appellant's wrongful death claims.