[Cite as *Montgomery v. Greene Co. Sheriff's Dept.*, 2018-Ohio-869.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| JOEL MONTGOMERY | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2017-CA-40 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-0645 |
| | : | |
| GREENE COUNTY SHERIFF'S | : | (Civil Appeal from |
| DEPARTMENT, et al. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of March, 2018.

. . . . . . . . . . .

TOM O. MERRITT, Atty. Reg. No. 0066661, 1480 W. Main Street, Tipp City, Ohio 45371
    Attorney for Plaintiff-Appellant

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, 61 Greene Street, Xenia, Ohio 45385
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Joel Montgomery appeals from a judgment of the Greene County Court of Common Pleas, which granted summary judgment in favor of the Greene County Sheriff's Office and Detective Shawn Bradley on Montgomery's claims for malicious prosecution and violation of his constitutional rights.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

*Facts and Procedural History*

{¶ 3} On September 28, 2016, Montgomery filed a complaint against the Greene County Sheriff's Office, Detective Shawn Bradley, the Greene County Prosecutor, the Greene County Board of Commissioners, and each of the Commissioners individually. The complaint alleged malicious prosecution and violation of Montgomery's constitutional rights; specifically, Montgomery alleged that he was falsely accused of shooting at his neighbor's barn (criminal damaging), that Deputy Bradley had persuaded Montgomery's neighbor, Timothy Abner, "to falsely swear to a complaint," and that, as a result, his home was searched in violation of his constitutional rights.

{¶ 4} All of the parties filed answers; additionally, the prosecutor, Board of Commissioners, and the Commission members filed counterclaims seeking to recover costs and attorney fees for Montgomery's "frivolous conduct" and motions to dismiss. Montgomery filed a reply to the counterclaims and a memorandum in opposition to the motion to dismiss. The Sheriff's Office and Deputy Bradley filed a motion for judgment on the pleadings.

{¶ 5} On April 17, 2017, the trial court granted the motion to dismiss the prosecutor, Board of Commissioners, and the individual commissioners, finding that

Montgomery "had failed to plead any facts that would pierce [their] governmental immunity" for intentional tort claims. The court also granted the Sheriff's Office's motion for judgment on the pleadings. It overruled Deputy Bradley's motion for judgment on the pleadings, noting that paragraphs 31, 42, and 43 of the complaint contained allegations supporting Montgomery's claim of malicious prosecution and his claim that his house was searched based on an allegedly false affidavit, in violation of his constitutional rights.

{¶ 6} On April 26, 2017, the Sheriff's Office and Detective Bradley filed a motion for summary judgment.[1] Attached to the motion were affidavits from Montgomery's neighbor, Timothy Abner, and Detectives Bradley and Jason Tavner. Additionally, copies of Abner's witness statements to sheriff's deputies on June 5 and 9, 2015, were attached to his affidavit.

{¶ 7} Abner's affidavit stated that he lived next door to Montgomery in June 2015 and made "numerous reports" to the Sheriff's Office about Montgomery's firing weapons in the direction of Abner's home. Abner also found bullet holes in his bike trailer and truck. When deputies came to his home to investigate on June 5, 2015, he showed them the bullet holes. The deputies then went to talk with Montgomery. According to the affidavit, not long after the deputies left, Montgomery again fired "what sounded like an automatic weapon" in the direction of Abner's house, and Abner called the deputies to come back. Abner stated in his affidavit that, "[a]t no time did Detective Bradley or anyone employed or affiliated with the sheriff's office or any other law enforcement agency ask me to lie or embellish any statement I gave."

---

[1] Although the Greene County Sheriff's Office's motion for judgment on the pleadings appeared to have been granted in the trial court's April 17, 2017 judgment, the motion for summary judgment was filed on behalf of the Sheriff's Office and Detective Bradley.

{¶ 8} Detective Bradley's affidavit stated that, in early June 2015, he had been assigned to investigate a complaint made by Abner "that his neighbor, Joel Montgomery had, on multiple occasions, fired a weapon in the direction of his home, causing damage to his personal property." Bradley had several conversations with Abner about Abner's relationship with Montgomery and "background information." Bradley's affidavit further stated that, "[a]t no time did I ask Mr. Abner to lie or embellish any statement given or complaint made, nor did I ask anyone to ask Mr. Abner to lie or embellish any statement given or complaint made on my behalf."

{¶ 9} Finally, Detective Tavner's affidavit stated that he had responded to a "weapons complaint" by Abner on June 5, 2015, wherein Abner stated that he had heard automatic gun fire from Montgomery's property the previous night. Abner showed Tavner where Abner's bike trailer, truck, and garage had been shot, and several spent rounds of ammunition were found. Tavner and another deputy, Detective Longfellow, then made contact with Montgomery at Montgomery's house, where Tavner "observed approximately 1,000 spent ammunition casings at Mr. Montgomery's front door." Montgomery admitted to shooting the previous night, but said it was "bulls***" that he had damaged any of Abner's property.

{¶ 10} After leaving Montgomery's property and pulling into a vacant parking lot nearby, Tavner heard automatic gun fire coming from the area of Montgomery's property, "what sounded like 30 rounds of ammunition being shot in less than 5 seconds." Abner called dispatch again, and Tavner and Longfellow returned to Abner's property. After the deputies parked their cruiser, Montgomery fired five rounds from "what sounded like a handgun," but the deputies were unable to determine the direction of the shooting.

**{¶ 11}** Tavner's affidavit stated that he had not asked Abner to lie or embellish any statement, or asked anyone else to do so on his (Tavner's) behalf.

**{¶ 12}** Montgomery's response to the motion for summary judgment included a copy of the search warrant the sheriff's deputies obtained for his residence, including a narrative supplement, and a September 2015 transcript of a trial in a civil case between Abner and Montgomery. [2] Montgomery's response acknowledged that Abner's statements to sheriff's deputies and the discovery of two spent shell casings on Abner's property formed the basis for the issuance of the search warrant for his home.

**{¶ 13}** In the trial transcript, Abner testified that he had a verbal altercation with Montgomery shortly after moving into the neighboring property in September 2014, "and that was the last time I seen him exactly up close in person." Abner further testified that, "from then on [Montgomery] was firing off full automatic weapons, machine guns and just different – different guns * * * pretty much every day." Abner first called the sheriff's office about the gunfire in April 2015, and again in early June 2015.

**{¶ 14}** Relying on the trial transcript, Montgomery argued in his response to the motion for summary judgment that Abner's statement that he not "not seen" Montgomery in many months was inconsistent with Abner's affidavit and with Detective Bradley's conclusion that Montgomery was the person involved in the shooting which had caused damage to Abner's property.

**{¶ 15}** On June 22, 2017, the trial court granted summary judgment to the Sheriff's Office and Bradley. The trial court stated:

---

[2] According to Montgomery's response, the civil case was "dismissed" on the day of trial, but the disposition of that case is not otherwise apparent from the record of this case.

Abner, Bradley and Tavner's affidavits refute the pertinent allegations of Montgomery's complaint. Montgomery provided no Civ.R. 56 material to refute their sworn statements. The Defendants Greene County Sheriff's Office and Deputy Sheriff Detective Shawn Bradley are entitled to judgment as a matter of law and their motion for summary judgment is hereby granted.

### *Summary Judgment*

{¶ 16} Montgomery raises one assignment of error on appeal, asserting that the trial court erred in granting summary judgment to the Sheriff's Officer and Detective Bradley.

{¶ 17} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.,* 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt,* 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 18} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is

a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

**{¶ 19}** We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness,* 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond,* 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

*Analysis*

**{¶ 20}** Montgomery's argument that the trial court erred in granting summary judgment is two-fold. First, he argues that the court should have considered the transcript attached to his response to the motion for summary judgment. Second, he asserts that, if the transcript had been considered, Abner's testimony therein created a genuine issue of material fact, because Abner's testimony that he had not seen Montgomery for several months contradicted his (Abner's) affidavit, which stated that Abner (in Montgomery's words) "witnessed Mr. Montgomery shooting at his house" in June 2015.

**{¶ 21}** It is unclear from the trial court's judgment to what extent it considered the transcript filed with Montgomery's response to the motion for summary judgment, if at all. The judgment notes Montgomery's reliance on the transcript testimony and his claim that Abner's testimony therein contradicted his (Abner's) affidavit. But the judgment also observes that "Montgomery provided no Civ.R. 56 material to refute" sworn affidavits offered in support of summary judgment. Indeed, the transcript is not properly

authenticated, and the trial court could have refused to consider it on that basis.

{¶ 22} However, even assuming that the trial transcript were properly before the court in opposition to the Sheriff's Office's and Bradley's motion for summary judgment, it did not contradict Abner's affidavit. In the affidavit, Abner stated that he had reported to the Sheriff's Office that his neighbor, Montgomery, "fir[ed] weapons in the direction of [his] home" on more than one occasion and that he "heard automatic gun fire coming from Joel Montgomery's property" on June 5, 2015, before discovering bullet holes in his own property. In his transcript testimony, Abner recounted an encounter with Montgomery in the fall of 2014, shortly after Abner moved into the property neighboring Montgomery's property. During that encounter, Montgomery claimed that Abner had cut down plants that were on Montgomery's property, cursed at Abner, and made a crude gesture toward him. Abner stated that this was "the last time I seen him exactly up close in person." Abner did not state that he had never seen Montgomery again, and Abner's denial of "up close" contact with Montgomery in subsequent months did not contradict the statements in his affidavit that shots had been fired from Montgomery's house.

{¶ 23} Based on the evidence offered in support of the Sheriff's Office's and Bradley's motion for summary judgment, and Montgomery's failure to refute this evidence, the trial court did not err in granting summary judgment in favor of the Sheriff's Office and Detective Bradley.

{¶ 24} The assignment of error is overruled.

{¶ 25} The judgment of the trial court will be affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.


Copies mailed to:

Tom O. Merritt
Nathaniel R. Luken
Hon. James R. Brogan
Hon. Stephen A. Wolaver, Administrative Judge