DECISION AND JUDGMENT ENTRY
{¶ 1} Defendants-Appellants Robert Luman, et al, appeal the judgment of the Highland County Court of Common Pleas granting Defendant-Appellee Daryl Igo's motion for summary judgment. The *Page 2 
Appellants contend the trial court's judgment was erroneous because they had obtained a valid stay of execution, which had not been vacated or terminated by the trial court, prior to the filing of the Appellee's cross-claim or the grant of the Appellee's motion for summary judgment. Because we find the Appellants' stay of execution was vacated when this court dismissed their initial appeal as neither final nor appealable on March 14, 2007, we affirm the judgment of the trial court.
 I. Facts {¶ 2} Plaintiff Michael Barr filed a foreclosure action on a certificate of judgment[1] in the Highland County Court of Common Pleas against Defendants-Appellants Robert Luman, et al, on February 27, 2007. In his complaint, Mr. Barr also named Defendant-Appellee Daryl Igo as a defendant on account of the certificate of judgment lien he filed on October 30, 2006 with the Highland County Clerk of Courts pursuant to the decision in Luman, et al. v. Igo, Highland County Case No. 05CV076.
 {¶ 3} Defendants-Appellants Robert Luman, et al. (hereinafter "Appellants") filed their answer to Mr. Barr's complaint on March 22, 2007, as did other defendants that had an interest in the real estate listed in the *Page 3 
complaint.[2] On April 24, 2007, Daryl Igo (hereinafter "Appellee") filed his answer and a cross-claim against the Appellants for foreclosure on his October 30, 2006 certificate of judgment lien.
 {¶ 4} On May 11, 2007, the Appellants filed a response and denial of the cross-claim, a denial of the validity of the certificate of judgment, and moved the trial court to vacate the certificate of judgment. The Appellants asserted in their motion that the certificate of judgment was invalid because of this court's decision in Luman, etal. v. Igo (Mar. 14, 2007), Highland App. No. 06CA37, wherein we found there was no final appealable order on which the Appellants could ground their appeal. On June 6, 2007, the Appellee filed a response to the motion to vacate the certificate of judgment. The trial court denied the motion on the same day.
 {¶ 5} On July 2, 2007, the Appellee filed a motion for summary judgment on his cross-claim in foreclosure. The Appellants filed a response to the Appellee's motion on July 25, 2007, again raising the issue of validity of the certificate of judgment, and also objected to the motion and cross-claim on the grounds that the trial court stayed any execution of the judgment on November 8, 2006, in the case from which the certificate of judgment was obtained. On July 27, 2007, the trial court granted summary *Page 4 
judgment for the Appellee. Mr. Barr settled with the Appellants on August 2, 2007, and his claims were dismissed with prejudice. Believing all claims were settled, the trial court dismissed the case in its entirety. The Appellee then moved the trial court to reinstate the foreclosure action which was the subject of his cross-claim. The trial court granted his motion. At that point, the Appellants filed the appeal sub judice.
 {¶ 6} Subsequent to the filing of this appeal, the trial court amended its entry in response to a motion for stay of execution filed by the Appellants. The trial court granted the stay of execution pending an appeal. In the appeal sub judice, the Appellants advance the following assignment of error:
 II. Assignment of Error {¶ 7} 1. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT FOR FORECLOSURE ON A CERTIFICATE OF JUDGMENT IN DEFENDANT/APPELLEE'S CROSS-CLAIM OVER THE OBJECTIONS OF DEFENDANTS/APPELLANTS, WHEREIN DEFENDANTS/APPELLANTS HAD FILED AN APPEAL AND OBTAINED A STAY OF EXECUTION IN THE CASE FROM WHICH THE CERTIFICATE OF JUDGMENT HAD BEEN OBTAINED.
 III. Legal Analysis {¶ 8} In their sole assignment of error, the Appellants contend the trial court erred when it granted the Appellee's motion for summary judgment, as *Page 5 
they had obtained a stay of execution in the case from which the Appellee's certificate of judgment had been obtained. In reviewing a decision on a motion for summary judgment, appellate courts review the judgment independently and without deference to the trial court's determination. Midwest Specialties, Inc. v. Firestone Tire RubberCo. (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bostic v. Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; Civ. R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Kulch v. StructuralFibers, Inc. (1997), *Page 6 78 Ohio St.3d 134, 145, 677 N.E.2d 308, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 295, 662 N.E.2d 264.
 {¶ 9} The Appellants contend that because the trial court granted their motion for a stay of execution in Highland County Case No. 05CV076 after the Appellee filed his certificate of judgment, and because the trial court has not changed the status of the stay since its imposition on November 8, 2006, the stay was still in effect at the time the Appellee filed his cross-claim to foreclose on the certificate of judgment, and at the time the trial court granted the Appellee's motion for summary judgment on said cross-claim. We disagree.
 {¶ 10} On March 14, 2007, as stated supra, we determined that the Appellants' appeal in Luman et al. v. Igo (Mar. 14, 2007), Highland App. No. 06CA37, was neither final nor appealable. As a result of our determination, the stay of execution that was in effect for that case at the time of the appeal was vacated. Because the stay of execution was not in effect, as Appellants argue, at the time when the trial court granted the Appellee's motion for summary judgment, we find, as the trial court did, that the Appellants presented no genuine issue of material fact, and that the Appellee is entitled to judgment as a matter of law. *Page 7 
 {¶ 11} In light of our determination that the stay of execution was vacated by our decision in Luman et al. v. Igo (Mar. 14, 2007), Highland App. No. 06CA37, we find that the trial court properly granted the Appellee's motion for summary judgment. Accordingly, we affirm its judgment.
JUDGMENT AFFIRMED.
[1] The certificate of judgment that was the subject of Mr. Barr's foreclosure action was issued in Washington Courthouse Municipal Court Case No. CVF 0600022. Mr. Barr's claim was for legal services in the case of Luman, et al. v. Igo, 07CV093. Mr. Barr and the Defendants-Appellants settled this dispute and Mr. Barr dismissed his foreclosure claims in the instant case on August 2, 2007.
[2] The other defendants in this action are Merchants National Bank, which holds a mortgage on the Appellants' property, and the Highland County Treasurer, which holds a lien for unpaid property taxes.