DECISION AND JUDGMENT
{¶ 1} This matter is before the court on motions of relator, Daniel L. Rittner, Sr., to enlarge time, provice subpoens [sic], ducem tecus [sic], serve subpoenas, extend time to compel discovery and order sanctions, compel discovery and for summary judgment. Respondent, Toledo Public Schools, has filed memorandums in opposition to relator's motions to compel discovery and for summary judgment and interposed a cross motion for summary judgment.
 {¶ 2} On September 23, 2008, relator filed a petition for a writ of mandamus, alleging that respondents, the Toledo Public Schools, its superintendent and numerous others, had, at least in part, denied his request for certain public records. Relator insisted that he was entitled to the requested documents, pursuant to R.C. 149.43, and requested that a writ issue ordering respondents to turn over the denied documents.
 {¶ 3} From that which we may ascertain from relator's petition and addendum, in 2006, relator sent correspondence to respondent school, requesting the "alumni roster for years 1968 to 1970" of the former Whitney High School, the entire 2004 student roster for Waite High School (and the "Alumni list" for 14 specifically named female graduates and one male graduate from Waite from 1968 to 1970), the 1978 graduating list from Rogers High School, the 1969 and 1970 list of graduating students from Bowsher High *Page 3 
School "OR specifically MARIE RENZETTI, from alumni list," and seven named alumni for 1967 and 1969 from Macomber High School.
 {¶ 4} On March 23, 2006, respondent school advised relator that it had no records of public school alumni and no record of Marie Renzetti as either a Bowsher graduate or a school employee. As regards lists from Macomber, Whitney and Bowsher, respondent was advised that these were available only as hard copies for which a ten cent per page copying fee would be required.
 {¶ 5} Relator references subsequent correspondence to respondent school's former superintendent, current superintendent, board chair and legal counsel over the next two years. In addenda, relator provides a copy of a June 12, 2008 letter from respondent school's director of pupil placement, referencing the delivery of some unspecified documents, followed by a response from relator complaining that the documents delivered failed to include any alumni list, the 2004 Waite roster or any information concerning Whitney. On August 5, 2008, relator again wrote respondent school's counsel, complaining of the school's failure to satisfy his request. Relator then filed this original action.
 {¶ 6} On October 1, 2008, this court issued an alternative writ, directing respondents to comply with relator's request or file an answer. Respondents answered, denying the material allegations of relator's complaint. Attached to respondents' answer was a copy and affidavit of service of an October 10, 2008 letter from respondents' counsel to relator, detailing each of his document requests and summarizing whether the records had previously been disclosed, were unable to be located or were conveyed with *Page 4 
the letter. As an affirmative defense in its answer, respondents put forth that as of the October 10 submission extant remaining records that relator requested had been supplied. On this ground, respondents requested that relator's petition be dismissed.
 {¶ 7} On October 31, 2008, this court issued a scheduling order, directing that discovery be completed by December 30, 2008, and summary judgment motions be filed on or before January 13, 2009. On January 2, 2009, we granted relator a seven day extension of time to complete discovery.
 Motion to Compel {¶ 8} On January 15, 2009, relator moved for an order compelling discovery, asserting that respondents' answers to interrogatories were "evasive or incomplete" and that respondents' counsel refused to accept his telephone calls. Respondents filed a memorandum in opposition, noting that that relator's motion provided no specific instances to support his general assertions. With respect to counsel's refusal of relator's calls, as supported by a copy of a letter from respondents' counsel attached to relator's motion, counsel advised relator that she would not accept collect telephone calls from him.
 {¶ 9} Relator provides no specifics as to how respondents have inadequately replied to his interrogatories. Absent a specific understanding, there is nothing in rule or law to require opposing counsel to accept collect telephone calls from opposing pro se parties. Accordingly, relator's motion to compel is not well-taken and is denied. *Page 5 
 Summary Judgment {¶ 10} A motion for summary judgment may be granted only when it is demonstrated:
 {¶ 11} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ. R. 56(C).
 {¶ 12} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 13} Relator premises his motion as a sanction for discovery violations and that "[r]espondents provided those public records sought for inspection by Rittner under R.C. § 149.43 only after Rittner filed the instant action in complaint for mandamus September 19, 2008."
 {¶ 14} We have already rejected relator's discovery sanction argument. With respect to the merits, relator has directed our attention to no evidence that would entitle him to any remedy beyond that he has already achieved. In his motion, he expressly concedes that he had received the documents he originally requested. *Page 6 
 {¶ 15} The only omission, he notes, is that respondents failed to provide him with "alumni rosters." As early as 2006, the correspondence relator himself provides shows that he was advised that alumni information is kept not by the school system, but by private alumni associations. Private records are not subject to the Public Records Act. In any event, respondents have advised relator that such records are not in their possession and relator has directed our attention to no evidence that contradicts that assertion. Consequently, he is not entitled to summary judgment.
 {¶ 16} Moreover, we note that relator's admission that, save the alumni rosters to which he is not entitled, he has received all of the documents he originally sought, means that respondents' assertion in its answer that it had complied with relator's records request is uncontested. Accordingly, we find respondents' request to dismiss the petition well-taken.
 {¶ 17} Relator's petition is dismissed. Respondents Toledo Public Schools, et al., are ordered to pay the costs of this proceeding pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
PETITION DISMISSED.
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, P.J., CONCUR. *Page 1