[Cite as *Triad Realty, L.L.C. v. SVG Mgmt., L.L.C.*, 2014-Ohio-2157.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TRIAD REALTY, LLC | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2013CA00174 |
| | : | |
| SVG MANAGEMENT, LLC | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
Common Pleas, General Division Case
No. 2012CV03087

JUDGMENT:                              AFFIRMED

DATE OF JUDGMENT ENTRY:        May 12, 2014

APPEARANCES:

For Plaintiff-Appellee:                   For Defendant-Appellant:

JOHN J. RAMBACHER                    MARK L. RODIO
MICHAEL J. KAHLENBERG              MICHAEL J. FRANTZ, JR.
WINKHART, RAMBACHER & GRIFFIN     FRANTZ WARD LLP
825 South Main St.                        2500 Key Center
North Canton, OH 44720                  127 Public Square
                                               Cleveland, OH 44114-1230

*Delaney, J.*

{¶1} Defendant-Appellant SVG Management, LLC appeals the July 31, 2013 judgment entry of the Stark County Court of Common Pleas, General Division.

## FACTS AND PROCEDURAL HISTORY

{¶2} On November 9, 2011, Plaintiff-Appellee Triad Realty, LLC and Defendant-Appellant SVG Management, LLC entered into a Purchase Agreement wherein SVG agreed to purchase from Triad certain undeveloped property in Oberlin, Ohio. Counsel for Triad and SVG drafted the Agreement. Pursuant to the Agreement, Triad (Seller) was required to make certain improvements to the undeveloped property before transferring it to SVG (Buyer).

{¶3} Pursuant to Paragraph 16 of the Agreement, Triad had the unilateral right to elect to terminate the Agreement within fourteen business days after SVG delivered to Triad a copy of SVG's loan commitment if Triad determined the total costs to Triad to improve the property would exceed $550,000.00. Paragraph 16 states:

Seller's Contingencies:

For a period of time (the "Seller Review Period") beginning upon the mutual execution of this Agreement and ending upon the later of (i) forty-five (45) days after the mutual execution of this Agreement, or (ii) fourteen (14) business days after a copy of the loan commitment is provided by Buyer to Seller, Seller shall have the right to terminate this Agreement by written notice to Buyer in the event of any of the following:

a) Seller determines that despite its diligent and good faith efforts, Seller will not be able to successfully create the Property of record

as an independent parcel ("Subdivision") prior to Closing without incurring costs/expenses relating thereto in excess of Ten Thousand Dollars ($10,000.00) relative thereto; or

b) Seller determines that the total cost/expense to Seller of/for constructing/installing the Improvements and/or relating thereto will exceed Five Hundred Fifty Thousand Dollars ($550,000.00).

The termination notice described in this Section 16 shall include a reasonable explanation of the issue permitting termination, including a description of the diligent efforts used by Seller to resolve same. If Seller fails to terminate the Agreement by the end of the Seller Review Period, the contingency set forth in this Section 16 is released and forever waived.

{¶4} After the execution of the Agreement, SVG applied for a loan to finance the purchase of the property. On February 10, 2012, the Lorain National Bank provided to SVG a loan commitment for the purchase of the property. Ramesh Arora of SVG averred that within one week of SVG's receipt of the loan commitment, he utilized ordinary mail to mail a copy of the loan commitment to Triad's business office located in Canton, Ohio. The envelope mailed to Triad was not returned as undeliverable. Lorain National Bank provided a second loan commitment to SVG on May 30, 2012. Rajnish Arora averred he mailed a copy of the May 30, 2012 loan commitment to Triad's business office by ordinary mail. The envelope mailed to Triad was not returned as undeliverable.

{¶5} On September 21, 2012, Triad requested that SVG provide a copy of the loan commitment. SVG emailed a copy of the loan commitment to Triad on September

21, 2012. On September 24, 2012, Triad notified SVG that it was exercising its termination right under Paragraph 16 of the Agreement because it determined the development costs would exceed the development cost threshold. SVG rejected Triad's attempt to terminate, arguing Triad's right to terminate the Agreement expired no later than June 15, 2012 because SVG notified Triad of the loan commitments in February and May 2012. Triad countered that SVG did not notify Triad of the loan commitment pursuant to the notification requirements of Paragraph 21 of the Agreement until September 21, 2012. Paragraph 21 states:

> Notices: Any notice(s) required or permitted to be given pursuant to this Agreement shall be deemed given when either personally delivered, forwarded by email, or sent by Federal Express (or any overnight service provider having readily traceable service) to Seller or Buyer at the addresses indicated below with copies simultaneously provided to the following:
>
> For Buyer: c/o Michael J. Shapiro, Esq.
>              23240 Chagrin Blvd., #450
>              Common Park IV
>              Beachwood, Ohio 44122
>              Fax: (216) 831-3736
>              Email: michael@shapirolawfirm.com
>
> For Seller: c/o John J. Rambacher, Esq.
>              Winkhart, Rambacher & Griffin
>              825 South Main Street
>              North Canton, Ohio 44720
>              Fax: (330) 639-2441
>              Email: jrambacher@wr-law.com

Either Seller or Buyer may change their notice address or attorney notice information by providing the other party hereto with written notice as provided hereinabove setting forth such new address.

{¶6} On October 2, 2012, Triad filed a complaint for declaratory judgment, naming SVG as defendant, in the Stark County Court of Common Pleas, General Division. Pursuant to the complaint, Triad sought declaratory judgment that Triad duly terminated the Agreement.

{¶7} Triad filed a motion for summary judgment on November 16, 2012. SVG responded to the motion and Triad replied.

{¶8} On July 31, 2013, the trial court granted Triad's motion for summary judgment. It is from this decision SVG now appeals.

## ASSIGNMENTS OF ERROR

{¶9} SVG raises three Assignments of Error:

{¶10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONCLUDED IN ITS JULY 31, 2013 JUDGMENT ENTRY THAT PLAINTIFF/APPELLEE TRIAD REALTY, LLC ("TRIAD") TIMELY EXERCISED ITS RIGHT TO TERMINATE ITS CONTRACT WITH DEFENDANT/APPELLANT SVG MANAGEMENT, LLC ("SVG").

{¶11} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONCLUDED IN ITS JULY 31, 2013 JUDGMENT ENTRY THAT SVG FAILED TO COMPLY WITH THE NOTICE PROVISION OF THE CONTRACT.

{¶12} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONCLUDED IN ITS JULY 31, 2013 JUDGMENT ENTRY, THAT TRIAD WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW."

**ANALYSIS**

**I., II., and III.**

<u>Standard of Review</u>

{¶13} We consider SVG's three Assignments of Error together because the errors require analysis under the same standard of review. SVG's three Assignments of Error regard the trial court's grant of summary judgment in favor of Triad. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶14} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶15} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

Contract Interpretation

{¶16} The issue in this case is the interpretation of Paragraph 21 of the Agreement as to the method of notice. When confronted with an issue of contract interpretation, our role is to give effect to the intent of the parties. *Gen. Elec. Capital Corp. v. Tartan Fields Golf Club, Ltd.*, 5th Dist. Delaware No. 13 CAE 04 0035, 2013-Ohio-4875, ¶ 19 citing *Westfield Ins. Group v. Affinia Dev., L.L.C.,* 2012-Ohio-5348, 982 N.E.2d 132, ¶ 21 (5th Dist.). We will examine the contract as a whole and presume that the intent of the parties is reflected in the language of the contract. In addition, we will look to the plain and ordinary meaning of the language used in the contract unless another meaning is clearly apparent from the contents of the agreement. When the language of a written contract is clear, a court may look no further than the writing itself

to find the intent of the parties. "As a matter of law, a contract is unambiguous if it can be given a definite legal meaning." *Sunoco, Inc. (R & M) v. Toledo Edison, Co.,* 129 Ohio St.3d 397, 2011-Ohio-2720, 953 N.E.2d 285, ¶ 37 citing *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 11.

{¶17} SVG argues it was sufficient under the language of the Agreement to use ordinary mail to notify Triad it had obtained the loan commitment. SVG notes that Paragraph 21 of the Agreement does not create a definite requirement as to notification delivery methods because the language of Paragraph 21 does not state that notice "*shall be given.*" The Agreement states that notice required to be given pursuant to the Agreement "*shall be deemed given* when either personally delivered, forwarded by email, or sent by Federal Express (or any overnight service provider having readily traceable service) to Seller or Buyer." SVG contends the Agreement's use of the word "deemed" allows unlimited methods of delivery service to meet the notice requirements.

{¶18} Triad argues the unambiguous terms of the Agreement require SVG to provide notice of the loan commitment by only three methods: personal delivery, email, or by Federal Express (or a similar delivery service). Further, when sending notice of the loan commitment, SVG was also required to forward a copy to Triad's counsel. We agree the terms of the Agreement are unambiguous as to notification delivery methods. "Deem" is defined as "to come to view, judge, or classify after some reflection." *Webster's Third New International Dictionary* 589 (1993). To be "deemed given" therefore means that notice is viewed, judged, or classified given "when either personally delivered, forwarded by email, or sent by Federal Express (or any overnight service provider having readily traceable service) to Seller or Buyer." Notification

through a delivery method other than by personal delivery, email, or by Federal Express (or any overnight service provider having readily traceable service) shall not be viewed, judged, or classified as given by SVG pursuant to the terms of the Agreement.

{¶19} In the present case, SVG averred it sent the first two copies of the loan commitment to Triad by ordinary mail. Ordinary mail is not an acceptable method of delivery under the terms of the Agreement. There is no genuine issue of material fact that SVG notified Triad of the loan commitment by email on September 21, 2012. Notification by email is one of the three proper delivery methods pursuant to the Agreement. Triad notified SVG on September 24, 2012 that it was exercising its terminations rights pursuant to the Agreement. This notice was given within fourteen days of the emailed notice of the loan commitment.

{¶20} We find no error by the trial court to conclude Triad properly terminated the Agreement. The three Assignments of Error of Defendant-Appellant SVG Management, LLC are overruled.

**CONCLUSION**

{¶21} The judgment of the Stark County Court of Common Pleas, General Division, is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Farmer, J., concur.