[Cite as *Taylor v. Gazall*, 2017-Ohio-5493.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LINDA Y. TAYLOR, et al. | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 27305 |
| | : | |
| v. | : | Trial Court Case No. 2014-CV-05562 |
| | : | |
| MARK GAZALL, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of June, 2017.

. . . . . . . . . .

H. STEVEN HOBBS, Atty. Reg. No. 0018453, 119 North Commerce Street, P.O. Box 489, Lewisburg, Ohio 45338
J. ANTHONY LEHMAN, Atty. Reg. No. 0006264, 443 East Central Avenue, Miamisburg, Ohio 45342
     Attorneys for Plaintiff-Appellant

JOHN B. WELCH, Atty. Reg. No. 0055337, 580 Lincoln Park Boulevard, Suite 222, Dayton, Ohio 45429
     Attorney for Defendant-Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant, Linda Y. Taylor, executor of the estate of Jeffrey

Stubblefield, appeals from the trial court's entry of summary judgment in favor of Defendant-appellee, Mark Gazall, D.O. Taylor, the non-moving party, argues that the trial court erred by finding that she did not meet her reciprocal evidentiary burden in response to the evidence submitted by Gazall in support of his motion. We concur with the trial court's determination, and we therefore affirm its judgment.

## I. Facts and Procedural History

{¶ 2} Jeffrey Stubblefield initially consulted Gazall on December 22, 2009, for diagnosis of symptoms of a possible circulatory disorder. Gazall, a vascular surgeon, diagnosed Stubblefield with severe peripheral vascular disease, primarily in the left leg, and discovered bilateral superficial femoral artery occlusions with some run-off to each foot. On January 5, 2010, Gazall performed an angioplasty on Stubblefield's left superficial femoral artery and placed a stent with catheterization of the left common femoral artery. The stent afterwards thrombosed, so on January 28, 2010, Gazall performed thrombectomies on Stubblefield's left superficial femoral artery, left popliteal artery and left common femoral artery, and he performed endarterectomies on Stubblefield's left superficial femoral artery, left common femoral artery, and left profunda femoral artery with patch angioplasty.

{¶ 3} Stubblefield subsequently experienced numbness and pain in his left foot, leading Gazall to perform a femoral to an above-the-knee popliteal artery vein bypass on March 9, 2010, with thrombectomies of the left superficial femoral popliteal and trifurcation arteries. An arteriogram of Stubblefield's left leg conducted in the operating room suggested a good result.

{¶ 4} On March 11, 2010, however, problematic symptoms reappeared in

Stubblefield's left foot. Gazall conducted a re-exploration, and based upon his findings, performed a thrombectomy of Stubblefield's left popliteal tibial peroneal trunk and anterior tibial artery, along with further remedial procedures. Stubblefield was discharged from hospital care on March 28, 2010 and returned home.

{¶ 5} Stubblefield's in-home care included the use of a vacuum-assisted closure device ("wound vac") to promote healing of the surgical incision in his foot, as well as anticoagulation therapy. He visited Gazall's office on April 8, 2010 for a follow-up consultation, at which time his prognosis seemed to be good. Unfortunately, Stubblefield died three days later.

{¶ 6} Taylor commenced an action for medical malpractice—Montgomery County Court of Common Pleas Case No. 2011 CV 07251—against Gazall on October 7, 2011, but on September 27, 2013, she voluntarily dismissed the case under Civ.R. 41(A). On September 26, 2014, Taylor refiled the action, and on September 23, 2016, the trial court entered the decision from which she now appeals.

## II. Analysis

{¶ 7} For her sole assignment of error, Taylor contends that:

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS [SIC] WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANT-APPELLEE MARK GAZALL.

{¶ 8} Under Civ.R. 56, summary judgment is proper when: (1) the case presents no genuine dispute as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-

moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *Dalzell v. Rudy Mosketti, L.L.C.*, 2d Dist. Clark No. 2015-CA-93, 2016-Ohio-3197, ¶ 5, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Herres v. Millwood Homeowners Ass'n, Inc.*, 2d Dist. Montgomery No. 23552, 2010-Ohio-3533, ¶ 21, citing *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶ 9} Initially, the movant bears the burden of establishing the absence of any genuine issues of material fact. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). The movant may rely only on evidence of the kinds listed in Civ.R. 56(C) for this purpose. *Dalzell*, 2016-Ohio-3197, ¶ 5, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant meets its burden, then the non-moving party bears a reciprocal burden to establish, as set forth in Civ.R. 56(E), that the case presents one or more genuine issues of fact to be tried. *Id.* at ¶ 6. The non-moving party, in satisfying this requirement, may not rely merely upon the allegations or denials offered in its pleadings, but like the movant, "must be able to point to evidentiary materials of the type listed in Civ.R. 56(C)." *Dresher*, 75 Ohio St.3d at 293, quoting Civ.R. 56(E); *Dalzell*, 2016-Ohio-3197, ¶ 6. On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo. *Dalzell*, 2016-Ohio-3197, ¶ 6, citing *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42.

{¶ 10} Here, Gazall supported his motion for summary judgment with an affidavit he executed on July 15, 2016. Gazall's affidavit provided a detailed account of the treatment he provided to Stubblefield and incorporated copies of Stubblefield's medical

records. His affidavit testimony included his opinion that his care and treatment of Stubblefield conformed to the standard of care and that Stubblefield's death was not caused by any deviation from that standard. Taylor responded by filing a transcript of Gazall's deposition testimony of February 5, 2013, as well as the affidavit of merit she had filed pursuant to Civ.R. 10(D)(2).[1]

{¶ 11} In its decision of September 23, 2016 (the "Decision"), the trial court found that Taylor had "failed to produce admissible evidence of specific facts that support submission [of] Dr. Gazall's care and treatment of Mr. Stubblefield to a jury." Decision 5. It held that the affidavit of merit was inadmissible as summary judgment evidence under Civ.R. 10(D)(2), and it faulted Taylor for offering only "her unqualified speculation that [Gazall's] use of the wound vac was potentially a problem," adding that her "counsel's inquiries of Dr. Gazall in the 2013 deposition do not demonstrate that the use of the wound vac f[e]ll below the applicable standard of care." *Id.* at 4-6. Taylor contends in her brief that the trial court erred by "refusing to consider the affidavit [of merit]" and Gazall's "answers to questions in [the] deposition." Appellant's Br. 8.

{¶ 12} Regarding the first of Taylor's contentions, Civ.R. 10(D)(2) states that an "affidavit of merit is required to establish the adequacy of [a] complaint [for medical malpractice] and shall not otherwise be admissible as evidence or used for purposes of impeachment." We find accordingly that the trial court did not err by refusing to consider the affidavit of merit as evidence in opposition to Gazall's motion for summary judgment. *Compare Kinasz v. Diplomat Healthcare*, 8th Dist. Cuyahoga No. 103758, 2016-Ohio-

---

[1] Taylor deposed Gazall during the pendency of her first malpractice action against him, Case No. 2011 CV 07251. Her affidavit of merit is a refiling of the affidavit of merit she submitted in that case.

2949, ¶ 10-12, and *White v. Summa Health System*, 9th Dist. Summit No. 24283, 2008-Ohio-6790, ¶ 22-23, *with* Decision 3-4.

{¶ 13} Regarding the second of Taylor's contentions, the Decision indicates that the trial court did not refuse to consider Gazall's answers to questions during his deposition. Instead, the court remarked that "[Taylor's] arguments or questions during the deposition suggesting possible issues cannot be considered." Decision 5. The court, in other words, determined simply that Gazall's testimony did not give rise to any genuine dispute of material fact, irrespective of any such dispute implied by the questions her counsel posed.

{¶ 14} Although Taylor characterizes Gazall's testimony as creating a genuine dispute over the advisability of using a wound vac to treat Stubblefield, the transcript paints a different picture. For instance, when asked by Taylor's counsel whether he had been aware of "[a]ny particular contraindications for Mr. Stubblefield that would [have] give[n] [him] cause and concern regarding [use of] the wound vac," Gazall answered:

> No. In his particular case, you know, we packed [his wound with packing material and left it open to heal] for a few days before [applying the wound vac] to at least get the deeper layers of that wound closed * * *. Vascular surgeons are always vigilant about using wound vacs on open grafts over [an] anastomosis.

Dep. of Mark Gazall, D.O., 37 and 41, Feb. 5, 2013. Taylor also asserts, given Stubblefield's post-surgical wound condition, that use of the wound vac was contraindicated by the wound vac manual. [2] She argues that the manual's

---

[2] A copy of the manual is attached as Exhibit "3" to Gazall's deposition.

contraindication language, in conjunction with her Rule 10 affidavit of merit, is sufficient to create a factual issue concerning Gazall's alleged negligence and the cause of Stubblefield's death.

{¶ 15} Taylor's argument is flawed because, as discussed, the affidavit of merit cannot be used to defend a summary judgment motion. Further, the manual's contraindication language, assuming the manual is proper Rule 56 evidence, is not sufficient, without more, to create a factual issue regarding Gazall's alleged negligence or the proximate cause of Stubblefield's death.

{¶ 16} Finally, we note that Taylor's reciprocal burden required her to set forth the applicable standard of care, how Gazall's conduct failed to comport with the standard of care, and that the violation of the standard of care caused Stubblefield's death. *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 346 N.E.2d 673 (1976), paragraphs one and two of the syllabus. Even if we could consider the affidavit of merit, which consists of conclusory assertions that Gazall's conduct deviated from the standard of care and caused Stubblefield's death, it would not be sufficient to satisfy Taylor's reciprocal burden when evaluated in conjunction with Gazall's deposition testimony and the relevant provisions of the wound vac manual. This is so because the affidavit, Gazall's deposition testimony and the manual do not, individually or collectively, articulate the standard of care or explain how Gazall's treatment of Stubblefield failed to conform to the standard.

{¶ 17} On this record, we find that the trial court did not refuse to consider the deposition testimony to which Taylor referred in her opposition to Gazall's motion for summary judgment, and by extension, that the trial court did not err in this respect. Taylor's assignment of error is overruled.

### III. Conclusion

{¶ 18} The trial court properly refused to receive the affidavit of merit filed by Taylor as summary judgment evidence, and we find no error in the court's evaluation of Gazall's deposition testimony.   Therefore, we affirm.

. . . . . . . . . . . . .

HALL, P.J. and FROELICH, J., concur.

Copies mailed to:

H. Steven Hobbs
J. Anthony Lehman
John B. Welch
Danny Newman
Hon. Richard Skelton