[Cite as *Stark Cty. Treasurer v. Williamson*, 2022-Ohio-203.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STARK COUNTY TREASURER, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JENNIFER K. WILLIAMSON, | : | Case No. 2021CA00024 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Stark County Court
                                    of Common Pleas, Case No. 2018-
                                    CV-02520


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   January 27, 2022


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

KYLE L. STONE                               ALAN M. MEDVICK
Prosecuting Attorney                        Medvick Legal, LLC
Stark County, Ohio                          P.O. Box 2304
                                            Akron, Ohio 44309
By: GERARD T. YOST
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza South Ste. 510
Canton, Ohio 44702

*Baldwin, J.*

**{¶1}** Defendant-appellant Jennifer Williamson appeals from the February 5, 2021 Judgment Entry-Decree of Foreclosure issued by the Stark County Court of Common Pleas.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant Jennifer Williamson, who at all relevant times resided in Homer, Louisiana, is the owner of property located at 2923 5th Street, NW in Canton, Ohio. Appellant inherited the property from her father upon his death in 2013. When she took ownership of the subject real estate in 2015, the same was tax delinquent, vacant and in severe disrepair. The total tax delinquency at the time of inheritance was $7,864.58.

**{¶3}** Appellant alleges that she spoke with the Stark County Fiscal Office[1] by telephone and was told that as long as she was making an effort and communicating with them, they would not file a foreclosure action against the house while the estate was being probated. Appellant received title to the house on June 24, 2015. In July of 2017, she received a demand letter from the Stark County Treasurer for $1,800.00 and she secured a cashier's check from her bank and sent the requested amount.

**{¶4}** Appellant contacted appellee Stark County Treasurer's Office and entered into a Delinquent Tax Payment Contract with the Stark County Treasurer. The contract indicated that appellant owed a total of $9,436.11 in taxes and assessments. Pursuant to the terms of the agreement, which was signed by appellant on July 17, 2017, appellant agreed to make an initial twenty percent required payment of $1,888.00 to begin the contract and to pay $230.35 monthly by the 20th of each month for 45 months beginning

---

[1] Appellant actually contacted the Stark County Treasurer's Office.

with the month of September. Appellant made the initial payment, but did not make any single monthly payments.

{¶5}  On September 22, 2018, appellant received a tax delinquent letter for $1,274.75 that was due within 10 days or a foreclosure action would be filed. The letter was dated September 11, 2018 and was postmarked on September 17, 2018. The letter incorrectly listed the amount due as a result of a glitch in the billing system.  The $1,274.75 represented the accumulation off unpaid monthly contract payments, not the total tax delinquency. By the time that appellant received the letter, the 10-day deadline had already passed. Appellant spoke with Gerald Yost, Assistant Stark County Prosecutor, who told her that if she sent payment promptly, no action would be filed. Appellant was told to contact the Treasurer's Office direly to make payment arrangements but did not do so. Rather, on September 25, 2018, appellant procured a cashier's check in the amount of $1,274.75 and mailed it overnight certified mail, as instructed. However, on September 28, 2018, appellant received a letter returning her cashier's check noting that it was a partial payment, that code violations on the house were not cleared and that the total due on the house was actually $9.012.70. Appellant did not pay off the delinquency, arguing that the $1,274.75 was sufficient.

{¶6}  On December 31, 2018, a complaint in foreclosure was filed against appellant. The complaint alleged that there was due the unpaid sum of $9,012.70 plus interest, late charges and costs. A Motion for Default Judgment was filed against appellant on April 8, 2019 and the same was granted pursuant to a Judgment Entry filed on April 29, 2019. A Judgment Entry-Decree of Foreclosure was filed on July 19, 2019.

**{¶7}** Appellant, on July 19, 2019, filed a Motion for Relief from Judgment. Appellee filed a response on August 5, 2019. Appellant, on August 14, 2019, filed a Notice of Appeal from the trial court's July 19, 2019 judgment. The matter was stayed pending appeal.

**{¶8}** After this Court remanded the matter to the trial court to rule on the pending motion, appellant, on December 23, 2019, filed a reply in support of her Motion for Relief from Judgment. The trial court granted the motion and vacated the April 29, 2019 Judgment Entry granting default judgment and the July 19, 2019 Decree of Foreclosure. Appellant then filed an answer to the complaint on February 5, 2020.

**{¶9}** Appellee filed a Motion for Summary Judgment on February 7, 2020. This Court dismissed appellant's appeal on February 12, 2020. Appellant filed a memorandum in opposition to the Motion for Summary Judgment on March 20, 2020 and appellee filed a reply on October 20, 2020. Appellant filed her affidavit in support of her memorandum. A Judgment Entry granting the Motion for Summary Judgment was filed on January 7, 2021 and a Judgment Entry-Decree of Foreclosure was filed on February 5, 2021.

**{¶10}** Appellant now appeals, raising the following assignment of error on appeal:

**{¶11}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE WHEN GENUINE ISSUES OF MATERIAL FACT REMAIN REGARDING APPELLEE'S CLAIM."

I

**{¶12}** Appellant, in her sole assignment of error, argues that the trial court erred in granting summary judgment in favor of appellee. We disagree.

**{¶13}** We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * *

A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶14}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 1996-Ohio-107, 662 N.E.2d 264 The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

**{¶15}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429,1997-Ohio-259, 674 N.E.2d 1164, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

**{¶16}** The Stark County Treasurer alleged in its complaint that all the taxes and assessments, penalties, interest and charges on the parcel were delinquent. Appellant was alleged to be the owner of the parcel. On February 7, 2020, the Stark County Treasurer filed a Motion for Summary Judgment on all claims set forth in the complaint in foreclosure. The Stark County Treasurer argued there was no genuine issue of material fact that appellant was the owner of the parcel. As of February 6, 2020, there was due and owing as delinquent real estate taxes, assessments, penalties and interest the sum of $10,066.82. In support of its motion, the Stark County Treasurer attached an affidavit and a true record of the tax duplicate for the parcel. The Stark County Treasurer, as moving party, identified portions of the record in its Motion for Summary Judgment that demonstrated there were no genuine issues of material fact. As noted by appellee, appellant never disputed the delinquent real estate taxes or presented any evidence to contradict the amount of the delinquent taxes. Nor did she dispute the fact that she defaulted on the repayment contract with the Treasurer before the complaint for foreclosure was filed.

**{¶17}** Appellant maintains that she attempted to make a partial payment which was returned to her with instructions to make payment in full to satisfy and stop the foreclosure action from proceedings and that she attempted to resolve the issue of the inherited tax debt on the property. However, appellant has failed to cite any legal authority

that the offering of a partial payment relieved her of her obligation to pay the real estate taxes in full.  A review of appellant's opposition to summary judgment shows she failed to come forth with specific facts to demonstrate a genuine issue of material fact existed for trial as to whether the real estate taxes on the parcel were delinquent. Appellant did not dispute the real estate taxes were due and owing. Appellant was, as noted by appellee, fully aware of the total amount of taxes due when she received ownership of the property. She breached the terms of the repayment contract by failing to make timely monthly payments and knew, if she did so, she would be in default.

{¶18}  Upon our de novo review, we find, construing the evidence in a light most favorable to appellant, that reasonable minds could only conclude that appellee is entitled to judgment as a matter of law and that the trial court did not err in granting summary judgment in favor of appellee.

{¶19}  Appellant's sole assignment of error is, therefore, overruled.

**{¶20}** Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.